**Dallas E. VAUGHN, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., etc., Defendant.**

**No. CIV-2-76-132.**

United States District Court, E. D. Tennessee, Northeastern Division.

Sept. 2, 1977.

6. *See United States v. Toral,* 536 F.2d *supra* at 896; *Knott v. Howard, 511 F.2d supra* at 1061.

R. Cameron Rollins, Wilson & Rollins, Kingsport, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty. by Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., Carl H. Harper, Regional Atty. and Jerry J. Wall, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for the judicial review of the final decision of the defendant administrator denying the plaintiff's claim for disability health insurance benefits and supplemental security income benefits under the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). The Court affirmed the Secretary's final decision herein with respect to the plaintiff's claim for disability benefits but reversed such decision as to Mr. Vaughn's claim for supplemental security income benefits. Memorandum opinion herein of June 13, 1977. The defendant was directed to report to the Court the aggregate amount of past-due benefits paid or payable to the plaintiff for a determination and allowance by the Court of a reasonable fee for the services rendered herein by the attorney for the plaintiff. *Idem.*

The defendant moved the Court to amend such aforementioned memorandum opinion insofar as it seeks to make the award of an attorney's fee under the provisions of 42 U.S.C. § 406(b). It is contended on behalf of the Secretary that such statutory provision is not applicable to actions such as this for the judicial review of claims for supplemental security income (title XVI) benefits, as opposed to claims for disability insurance (title II) benefits.

In 1976 Congress amended title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., so as to provide that the final determination of the Secretary deny-

ing a claim for supplemental security income benefits " * * * shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determination under section 405 of this title. * * * " 42 U.S.C. § 1383(c)(3). The legislative history available makes it clear that the purpose of such amendment was " * * * to apply the same rules of judicial review to title XVI cases as apply to title II cases. * * * " Senate report no. 94–550, P.L. 94–202, 2 U.S.Code Cong. & Admin.News (1975), 2350.

The Congress thus sought to " * * * establish [ ] uniform review procedures * * * " for claims filed under titles II and XVI. *Ibid.,* at 2347. The Senate committee, considering the proposed bill, further reported that its passage " * * * would make the provisions of law governing * * judicial review under the supplemental security income (SSI) program virtually identical to [that under title II]. * * * " *Idem.* The overriding concern of the Congress, in enacting such amendments to title XVI, was " * * * to provide the same rights to * * * judicial review with respect to claims under title XVI (Supplemental Security Income) of the Act as apply to title II * * * under [42 U.S.C. § (g)]. * * * " *Ibid.,* at 2349–2350.

■ By explicit language, the Congress authorized this Court to review title XVI claims " * * * to the same extent * * " as its review of title II claims under 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). An integral part of the Court's review under 42 U.S.C. § 405(g) relates to the attorney's fee provisions of 42 U.S.C. § 406(b). Thereunder, it is provided that " * * * [w]henever a court renders a judgment favorable to a claimant under this subchapter [42 U.S.C. §§ 401–431] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. * * * " 42 U.S.C. § 406(b).

The Court's review of Mr. Vaughn's claim herein for supplemental security income benefits was governed by the provisions of 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). Pursuant to the scope of the review standard thereunder, the Court rendered a judgment favorable to Mr. Vaughn. Therefore, the attorney fee provisions of 42 U.S.C. § 406(b) are applicable to the plaintiff's title XVI claim herein.

The defendant is obviously correct in its assertion that the Congress has expressly incorporated by reference certain sections of title II into title XVI. See 42 U.S.C. § 1383(d)(1). However, this incorporation was not a part of the aforementioned 1976 amendment to title XVI, which provided for the judicial review of final administrative determinations denying this category of benefits. These statutory sections were incorporated thereinto by reference long before the Congress acted to grant this Court jurisdiction to review title XVI claims. Accordingly, such expressed incorporation cannot be viewed as a congressional expression that the attorney fee provisions of 42 U.S.C. § 406(b) should not be applicable to the title XVI review procedure. Had the Congress, in passing the 1976 amendments to title XVI, *then* expressly incorporated by reference certain provisions of title II, but without mentioning § 406(b), *supra,* then the defendant's contention in this regard might have merit.

■ The Social Security Act is benevolent legislation to be liberally construed to effectuate its remedial purposes. *Davidson v. Gardner,* C.A. 6th (1966), 370 F.2d 803, 808[1]; *Salyer v. Weinberger,* D.C.Tenn. (1974), 395 F.Supp. 1174, 1177[2]. To construe this act in such a manner as to exclude the attorney fee provisions of 42 U.S.C. § 406(b) from application where, as here, the plaintiff's claim is for supplemental security income benefits, would be to ignore the clear legislative intent that this Court's review of title XVI claims be " * * * virtually identical * * * " with its review of title II claims.

In many situations, the Court's review is sought under both title II and title XVI. If

# 188

the defendant's contention were followed, then where the plaintiff is successful in this Court as to both types of such claimed benefits, the Court would have to award a "partial" attorney's fee as to the title II benefits awarded, leaving the attorney and his successful client free to make their own arrangements as to the title XVI claim. This would require the attorney to apportion his time and efforts between the two types of benefits sought in such a manner as would enable the Court to consider that pertaining to the title II claim only. Logic forbids such a result without some indication that the Congress intended it as a consequence of its action.

 Assuming *arguendo,* however, that 42 U.S.C. § 406(b) is not applicable to the judicial review of a title XVI claim, then, as the defendant concedes, this Court still has the inherent power to set the maximum fee allowable to counsel for his representation of the plaintiff herein. An attorney appearing before this Court is its officer. *Cohen v. Hurley* (1961), 366 U.S. 117, 124, 81 S.Ct. 954, 6 L.Ed.2d 156, 162 (headnote 6); *Powell v. Alabama* (1932), 287 U.S. 45, 73, 53 S.Ct. 55, 77 L.Ed. 158, 172 (headnote 12). He is admitted to practice before the Court for something more than private gain; as an officer of the Court, and like the Court itself, he is an instrument or agency to advance the ends of justice. *Theard v. United States* (1957), 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342, 1345 (headnote 4). Such an attorney is " * * * subject to continuing scrutiny by * * * the courts. * * * " *In re Griffiths* (1973), 413 U.S. 717, 727, 93 S.Ct. 2851, 2857, 37 L.Ed.2d 910, 918 (headnote 14). Because of an attorney's special relationship to the responsibilities of the Court, the Court possesses " * * * autonomous control over [his] conduct. * * * " *Theard v. United States, supra,* 354 U.S. at 281, 77 S.Ct. at 1276, 1 L.Ed.2d at 1344 (headnote 3). Thus, this Court has inherent summary jurisdiction over the attorneys practicing before it to compel the proper relationship between

themselves and their clients. *Ex parte Wall* (1883), 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552, 556. This inherent power extends obviously to the control of the maximum fees received by attorneys for their representation of clients before this Court.

 It being the opinion of the Court that it may properly include in any final judgment herein the determination and allowance of a reasonable fee for the services rendered herein by the attorney for the plaintiff under 42 U.S.C. § 406(b), or alternatively, under its inherent power to regulate the conduct of its officers, the aforementioned motion of the defendant is OVERRULED.*

---

* The Court does not read its aforementioned order to the defendant as requiring him to withhold for payment of an attorney's fee any benefits owed to the plaintiff.