Ella J. DOLIN, etc.

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare of the United States of America.***

**Civ. No. K–78–400.**

United States District Court,
D. Maryland.

Sept. 26, 1980.

Harvey Greenberg, Baltimore, Md., for plaintiff.

Russell T. Baker, Jr., U.S. Atty., and Gail E. Rasin, Asst. U.S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

After denial by the Secretary at the administrative level of plaintiff's quest for social security benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, followed by an appeal by plaintiff to this Court and a remand by this Court to the Secretary, plaintiff was awarded social security benefits in an amount slightly in excess of $7500. Counsel for plaintiff applied for and received an award made by the Secretary of $850 for services performed at the administrative level. At this time, counsel for plaintiff asks this Court to award him $350 for services performed in this Court.

In a collateral state court proceeding involving the Department of Social Services of the State of Maryland, plaintiff was required to refund to that agency slightly more than $5100 from the net benefits payable to plaintiff in this case, leaving a balance of $2406.90. A check for that amount is currently being held in escrow by counsel for plaintiff. While plaintiff's counsel might well be able to seek a total fee for his services, at a combination of the administrative and judicial levels, in excess of $1200, he has voluntarily agreed to limit himself to that amount.

---

* Ms. Harris is the present Secretary of HEW. Pursuant to Federal Civil Rule 25(d)(1), she has been automatically substituted as defendant for the prior incumbent.

The amount sought by counsel for plaintiff for services in this Court, namely, $350, is on the minimum side and is entirely reasonable. The Secretary, while not suggesting that counsel for plaintiff is not entitled to a reasonable fee for services rendered at the court level in a Title XVI case, takes the position that in a Title XVI case, a federal district court lacks jurisdiction to approve a fee for services rendered in connection with proceedings in that court. The Secretary suggests that the extent to which any such fee is paid by the claimant to his counsel is a matter for private determination between the claimant and his counsel. This Court disagrees. While there is no express statutory authority granting a federal district court jurisdiction to award a fee to counsel for a successful Title XVI claimant for services performed at the judicial level, the provisions of the applicable legislation, its legislative history and the inherent power of the federal district court would seem to indicate that a federal district court possesses that power. In that connection, this Court adopts the reasoning and the conclusions stated by Judge Neese in *Vaughn v. Califano*, 442 F.Supp. 185 (E.D.Tenn.1977). As of this date, the Fourth Circuit has seemingly not passed upon the question posed in this Title XVI case. However, in *Conner v. Gardner*, 381 F.2d 497 (4th Cir. 1967), Judge Boreman concluded that, in a case arising under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, when a claimant has been successful at the administrative level after a remand from a federal district court, the Secretary possesses jurisdiction to award a fee to counsel for services at the administrative level and the federal district court has the authority to award a fee for services at the court level. *Conner* would be dispositive herein if this were a Title II case. The reasoning of *Conner* plus Judge Neese's reasoning in *Vaughn* convincingly demonstrate that a federal district court has similar power in a Title XVI case.

That conclusion is buttressed by the holdings and the discussions in *Ray v. Gardner*, 387 F.2d 162 (4th Cir. 1967); *Robinson v. Gardner*, 374 F.2d 949 (4th Cir. 1967); and *Caldwell v. Califano*, 455 F.Supp. 1069 (N.D. Ala.1978). Those cases, considered together with *Conner* and *Vaughn*, would appear to establish that counsel for a claimant who is successful, in either a Title II or a Title XVI case, at the administrative level after a remand from a federal district court can be awarded by the federal district court an appropriate fee for all of his services at the federal district court level.

Accordingly, counsel for plaintiff will be awarded a fee in the amount of $350 by this Court.