**Sidney BAIM, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

No. C 80–81.

United States District Court, N. D. Ohio, W. D.

March 23, 1981.

Vernos J. Williams, Toledo, Ohio, for plaintiff.

Patrick J. Foley, Asst. U.S. Atty., Toledo, Ohio, for defendant.

### MEMORANDUM AND ORDER

DON J. YOUNG, Senior District Judge:

This cause came to be heard upon the filing by plaintiff's counsel of a motion for court approval of attorney's fees and costs in the amount of $1,670.00. The motion has been opposed by the Secretary.

It is unclear from the motion, whether plaintiff's counsel is seeking an award of attorney's fees from the Court or merely seeking the Court's approval of attorney's fees to be charged to his client. Upon consideration of the Social Security Act (Act) and regulations, this Court finds that neither request is appropriate in connection with this action in which plaintiff was awarded only Supplemental Security Income (SSI) benefits under Title XVI of the Act. First, there exists no authority for the Secretary to withhold, certify or pay any fee to an attorney in connection with a Title XVI claim (i. e. relating to SSI claims). This case differs from the practice in disability insurance cases under Title II of the Act, 42 U.S.C. § 401 *et seq.*, wherein the counsel for a successful claimant may

receive a fee for his services paid out of a claimant's past-due benefits.

■ Secondly, the Court finds no necessity to approve the fees charged by plaintiff's counsel to his client. The regulations cited by plaintiff's counsel relate to approval by an official of the Social Security Administration of fees charged by a lawyer to his client for services rendered in *administrative* proceedings. 20 C.F.R. §§ 416.1507, 416.1510.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that the motion for court approval of attorney's fees be, and it hereby is, OVERRULED.

IT IS SO ORDERED.