**Rosena FRANKLIN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ.No. 76-72685.

United States District Court,
E. D. Michigan, S. D.

Oct. 20, 1981.

Alexander T. Ornstein, Pontiac, Mich., for plaintiff.

Francis L. Zebot, Asst. U.S. Atty., Detroit, Mich., for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

CHURCHILL, District Judge.

The plaintiff in the above-entitled matter sought and obtained an award of Supplemental Security Income benefits under Ti-

tle XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. Subsequent to the award, counsel for the plaintiff filed a petition for allowance of attorney's fees, seeking court approval of an attorney fee award in the amount of twenty-five percent (25%) of the benefits accrued to the plaintiff. The defendant filed a motion to dismiss the petition for allowance of attorney's fees, maintaining that court approval of attorney's fees incurred in connection with a Title XVI proceeding was unnecessary.

It is the opinion of this Court that it is without authority to exercise jurisdiction over the petition for attorney's fees filed by the plaintiff's counsel in this matter. Title XVI of the Act does not provide for court approval of attorney fee petitions in connection with an award of Supplemental Security Income benefits. *Compare* 42 U.S.C. §§ 1383 (Title XVI) *with* 42 U.S.C. § 406 (Title II). Neither has Congress authorized the Secretary to withhold, certify, or pay any attorney fee in the Title XVI context. *Id.* Although 20 C.F.R. § 416.1540(b) (1981) makes reference to court approval of attorney's fees in Title XVI cases, it is the opinion of the Court that this regulation is null and void because it was implemented without any statutory authority.

If this Court were to rule on the plaintiff's petition for allowance of attorney's fees, such petition would be approved because the compensation sought for the amount of time expended and the type of services rendered in pursuing the plaintiff's claim before this Court is reasonable.

In view of the foregoing, IT IS ORDERED that the defendant's motion to dismiss the plaintiff's petition for allowance of attorney's fees be and hereby is GRANTED.