**James F. ADAMS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 82–CV–1443.**

United States District Court, N.D. New York.

Nov. 2, 1984.

Fitzgerald, Taylor, Pomeroy & Armstrong, Cortland, N.Y., for plaintiff; Donald C. Armstrong, Cortland, N.Y., of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; Edward R. Broton, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

The present action was brought under sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to review the Secretary of Health and Human Services' (Secretary) final determination terminating claimant's supplemental security income (SSI) benefits. This court held in claimant's favor and remanded the action to the Secretary for calculation of benefits. Presently before the court is claimant's motion for attorney fees under 42 U.S.C. § 406(b)(1). For the reasons discussed below the court finds that attorney fees pursuant to section 406 are available in SSI cases, and the court grants claimant's motion.

## BACKGROUND

On October 28, 1980 an Administrative Law Judge (ALJ) found that claimant was entitled to SSI benefits. The ALJ's deci-

sion was based on his finding that claimant was psychologically disabled. On August 20, 1982 a second ALJ held that claimant was no longer entitled to supplemental benefits because claimant's "kidney problem" had improved. On October 26, 1982 the Appeals Council approved the second ALJ's decision, and it became the Secretary's final determination. Claimant subsequently appealed. This court adopted the Magistrate's Report and Recommendation and reversed the Secretary's decision for failure to show the necessary medical improvement. The matter was remanded to the Secretary for calculation of benefits.

Claimant now moves for attorney fees under 42 U.S.C. § 406(b)(1). The Secretary opposes claimant's motion on the ground that the court has no jurisdiction to grant attorney fees in SSI cases.

## DISCUSSION

■ Title II of the Social Security Act provides benefits to disabled individuals who cannot engage in substantial gainful activity. 42 U.S.C. § 423 *et seq.* In 1972 the Act was amended to provide supplemental benefits to those disabled individuals whose income falls below subsistence levels. 42 U.S.C. § 1383 *et seq.* A claimant may be eligible for SSI benefits under Title XVI even though he is not eligible for disability benefits under Title II. *Reid v. Heckler,* 735 F.2d 757, 760 (3d Cir.1984).

■ 42 U.S.C. § 406(b)(1) authorizes the court to grant a prevailing claimant attorney fees not in excess of 25% of the past-due benefits to which the claimant is entitled. Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], certify the amount of such fee

for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Attorney fees under section 406 are deducted directly from the claimant's past-due benefits and are only available for services rendered before the court. *Burgo v. Harris,* 527 F.Supp. 1157 (E.D.N.Y.1981).

Section 406 is contained in Title II of the Social Security Act and is applicable to disability cases. The issue before the court is whether section 406 also applies to SSI cases under Title XVI. The Secretary contends that the court has no authority to grant attorney fees in SSI cases because Title XVI contains no express language incorporating section 406. She also argues that awarding attorney fees from claimant's recovery would violate the legislative intent of Title XVI. In support of her position the Secretary asserts that SSI payments are subsistence benefits which Congress intended to protect from depletion by outside sources. The Secretary cites 42 U.S.C. § 407(a), which is applicable to Title XVI through 42 U.S.C. § 1383(d)(1). This provision precludes assignment of a claimant's benefits. The Secretary also cites language in the House Report on the original Title XVI amendments which provides:

> Where an individual who has requested a hearing is represented before the Secretary by an attorney, the provisions of the cash social security program (pertaining to attorney fees) would be applicable except that there would be no withholding of attorney fees from such individual's benefits. Your committee believes that to withhold such fees would be contrary to the purpose of the program.

H.R. No. 231, 92d Cong., 1st Sess. 3 (1971). Finally, the Secretary cites 42 U.S.C. § 1383(c)(3), § 1383(d)(1) which incorporates several Title II provisions into Title XVI. Section 1383 does not list section 406.

Surprisingly little case law exists on whether attorney fees pursuant to section 406 are available in SSI cases. The court has only found one circuit and a few district courts that have considered this issue. The Northern District of Ohio, the Eastern District of Michigan, the Southern District of Iowa, and the Western District of Virginia have held that section 406 attorney fees are not available in SSI cases because Title XVI contains no specific language incorporating section 406. *See Baim v. Harris*, 515 F.Supp. 227 (N.D.Ohio 1981); *Franklin v. Sec. H. & H.S.*, 525 F.Supp. 398 (E.D.Mich.1981); *Priebe v. Harris*, No. 79–302–D, slip op. (S.D. Iowa July 27, 1981); *Childress v. Harris*, No. 77–0352(A), slip op. (W.D.Vir. Dec. 3, 1979). The Third Circuit, the District of Maryland, and the Eastern District of Tennessee have held that judicial review under section 405(g) gives the court implied authority to grant attorney fees in SSI cases. *See Reid v. Heckler*, 735 F.2d 757 (3d Cir.1984); *Dolin v. Harris*, 501 F.Supp. 97 (D.Md.1980); *Vaughn v. Califano*, 442 F.Supp. 185 (E.D. Tenn.1977). *See also Hornal v. Schweiker*, 551 F.Supp. 612, 614 n. 1 (M.D.Tenn. 1982). The court finds the reasoning in *Reid* and *Vaughn* persuasive.

In 1976 Title XVI was amended to include judicial review of the Secretary's final determinations in SSI cases. 42 U.S.C. § 1383(c)(3) provides:

> The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 205(g) (42 U.S.C. § 405(g)) to the same extent as the Secretary's final determinations under section 205 (42 U.S.C. § 405).

This amendment was designed to alleviate the "hearing crisis" that had developed in SSI cases. Prior to being amended section 1631(c) provided that the Secretary's determinations "as to any fact shall be final and conclusive and not subject to review by any court." The Secretary could set maximum fees for representation before the agency, but no provision for direct payment to the claimant's attorney existed. The legislative history cited by the Secretary refers to

this provision. The Civil Service Commission interpreted section 1631(c) to mean that the Administrative Procedure Act (APA) did not apply to SSI hearings. As a result, non-APA hearing officers who were appointed to hear SSI cases could not also hear social security disability and medicare cases that were subject to the APA. Social security cases became backlogged. SSI hearings were also being challenged in court as "second class justice". To correct this problem Congress amended section 1631(c) to make "the final determinations of the Secretary subject to the 'substantial evidence rule' upon judicial review". S.R. No. 550, 94th Cong., 1st Sess. 3–4 (1975), U.S. Code Cong. & Admin. News 1975, pp. 2347, 2350. According to the legislative history, Title XVI was specifically amended to "apply the same rules of judicial review to title XVI cases as apply to title II cases". *Id.* at 4, U.S.Code Cong. & Admin. News 1975, p. 2350.

■ The attorney fee provision in 42 U.S.C. § 406(b)(1) is an integral part of section 405(g) judicial review. In *Vaughn* the Eastern District of Tennessee stated:

> By explicit language, the Congress authorized this court to review title XVI claims "... to the same extent ..." as its review of title II claims under 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). An integral part of the Court's review under 42 U.S.C. § 405(g) relates to the attorney's fee provisions of 42 U.S.C. § 406(b) .... To construe this act in such a manner as to exclude the attorney fee provisions of 42 U.S.C. § 406(b) from application where, as here, the plaintiff's claim is for supplemental security income benefits, would be to ignore the clear legislative intent that this Court's review of title XVI claims be "... virtually identical ..." with its review of title II claims.

*Vaughn*, 442 F.Supp. at 187. *See also Reid*, 735 F.2d at 761.

The court finds the Secretary's arguments unpersuasive. Section 407(a), which applies to Title II cases, does not preclude

payment of attorney fees in disability cases. There is no reason why section 407(a) should preclude attorney fees in SSI cases. The Secretary's contention that Congress did not intend to provide attorney's fees in SSI cases because section 1383(d)(1) does not expressly incorporate section 406 into Title XVI lacks merit because section 1383(d)(1) was enacted in 1972 before Congress amended title XVI to include judicial review under section 405(g). Rejecting the Secretary's argument in *Vaughn* the Eastern District of Tennessee stated:

> The defendant is obviously correct in its assertion that the Congress has expressly incorporated by reference certain sections of title II into title XVI. *See* 42 U.S.C. § 1383(d)(1). However, this incorporation was not a part of the aforementioned 1976 amendment to title XVI, which provided for the judicial review of final administrative determinations denying this category of benefits. These statutory sections were incorporated thereinto by reference long before the Congress acted to grant this Court jurisdiction to review title XVI claims. Accordingly, such expressed incorporation cannot be viewed as a congressional expression that the attorney fee provisions of 42 U.S.C. § 406(b) should not be applicable to the title XVI review procedure. Had the Congress, in passing the 1976 amendments to title XVI, *then* expressly incorporated by reference certain provisions of title II, but without mentioning § 406(b), *supra*, then the defendant's contention in this regard might have merit.

*Vaughn*, 442 F.Supp. at 187. Similarly, the Secretary's reliance on legislative history concerning the 1972 amendments cannot outweigh the clear legislative intent of the 1976 amendment making SSI cases subject to the same judicial review as disability cases.

■ Moreover, the public policy for authorizing attorney fees in Title II cases is as strong, if not stronger, in Title XVI cases. Like Title II, Title XVI is benevolent legislation. Provision for attorney fees will promote adequate representation of SSI claimants by assuring lawyers that their fees will be paid.

> The need for competent representation is perhaps even more acute than in Title II cases because the claimants in Title XVI matters are, by definition, in financial straits. If no provisions are made for fixing of a reasonable fee and assuring payment, the claimants will be deprived of the representation so often necessary to assure protection of their rights.

*Reid*, 735 F.2d at 762. Section 406's ceiling on attorney fees also protects the claimant from "oppressive and improvident arrangements". *See Id.* at 760; *Vaughn*, 442 F.Supp. at 187 ("the Social Security Act is benevolent legislation to be liberally construed to effectuate its remedial purposes").

The Secretary urges the court to leave attorney fees to private arrangement between a claimant and his attorney. To adopt the Secretary's position, however, would contravene Congress' intent to make judicial review in SSI cases identical to judicial review in disability cases. It would also tend to discourage competent attorneys from representing SSI claimants for reasonable fees. The court, therefore, finds that 42 U.S.C. § 405(g), incorporated into Title XVI by 42 U.S.C. § 1383(c)(3), gives the court implied authority in SSI cases to grant reasonable attorney fees, up to 25% of the prevailing claimant's past-due benefits.

Claimant's attorney has submitted an affidavit showing 9¾ hours prosecuting claimant's case before this court. He requests $50 per hour for a total of $487.50. The Secretary does not contest the reasonableness of the fees requested. After reviewing the attorney's work in this case, the court finds that the fees requested are reasonable.

■ Accordingly, the court holds that attorney fees pursuant to 42 U.S.C. § 406(b)(1) may be awarded to prevailing claimants in SSI cases, and the court hereby awards $487.50 or 25% of claimant's

past-due SSI benefits, whichever is less, to claimant's attorney.

IT IS SO ORDERED.