**Dorothy MULLANIX, Plaintiff,**

v.

**Margaret HECKLER, Secretary, Health and Human Services, Defendant.**

**Civ. A. No. 83–32.**

United States District Court, E.D. Kentucky, Frankfort Division.

Jan. 7, 1986.

Arthur L. Brooks, Brooks, Coffman & Fitzpatrick, Lexington, Ky., for plaintiff.

Louis DeFalaise, U.S. Atty., Lexington, Ky., for defendant.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This matter is before the court on the motion of plaintiff's counsel for an award of attorney's fees, and defendant's objections thereto.

Counsel for plaintiff have petitioned this court to award them 25% of the accrued disability *and* Supplemental Security Income (SSI) benefits to be paid plaintiff. These accrued benefits total $7,653.00, of which $1,711.70 are accrued SSI benefits.

The United States Attorney objects to an award of 25% of the SSI benefits on the grounds that this court lacks jurisdiction to enter such award.

Plaintiff argues that this court clearly has jurisdiction to award attorney's fees out of any accrued disability benefits. 42 U.S.C. § 406(b) (1965) (Title II) reads:

"(b)(1) Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 205(i) certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

"(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both."

Plaintiff further argues that while § 406 does not expressly apply to cases reviewing a Title XVI (SSI) claim, it is nevertheless implied within the scope of judicial review. Plaintiff supports this by pointing out that in 1976, 42 U.S.C. § 1383(c) (1976) (Title XVI) was amended to provide that the final determination of the Secretary shall be subject to judicial review to the same extent as the Secretary's final determination under § 205. 42 U.S.C. § 1383(c) states:

"(c) **Hearings and Review.**

(3) The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 205(g) to the same extent as the Secretary's final determinations under section 205."

Therefore, plaintiff argues that this court may award as attorney's fees 25% of *all* accrued benefits in a concurrent disability/SSI case.

Defendant argues the sum of $1,711.70 for SSI benefits awarded to plaintiff is not subject to a 25% withholding for an attorney fee award. Defendant argues that 20 C.F.R. § 416.1520(d)(3) (1982) supports this view. This section reads:

"(3) *Payment of fees.* We [Social Security Administration] assume no responsibility for the payment of a fee based on a representative's services before the Social Security Administration under title XVI."

Consequently, defendant recommends the fee not exceed $1,485.32 (25% of total disability benefits of $5,941.30) and objects to the additional award of $427.93 (25% of the SSI benefits of $1,711.70) on the ground this court lacks jurisdiction.

■ The court concludes that it does have jurisdiction over Title XVI claims and

may award 25% of the accrued SSI *and* disability benefits as attorney's fees.

In 1976, Title XVI was amended to include judicial review of the Secretary's final determination in SSI cases. *See* 42 U.S.C.S. § 1383(c)(3). According to the legislative history, Title XVI was specifically amended to "apply the same rules of judicial review to title XVI cases as apply to title II cases." P.L. 94–202, 2 U.S.Code Cong. & Admin.News (1975) 2347, 2350. The overriding concern of Congress in enacting such amendments to title XVI was "... to provide the same rights to ... judicial review with respect to claims under title XVI (Supplemental Security Income) of the Act as apply to title II" under 42 U.S.C. § 405(g). *Supra* at 2349.

By explicit language, the Congress authorized this court to review Title XVI claims "....to the same extent ..." as it reviews Title II claims under 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3). "An integral part of the Court's review under 42 U.S.C. § 405(g) relates to the attorney's fee provisions of 42 U.S.C. § 406(b)." *Vaughn v. Califano*, 442 F.Supp. 185, 187 (E.D. Tenn.1977).

In *Reid v. Heckler*, 735 F.2d 757 (3rd Cir.1984), the Secretary of Health and Human Services appealed from an order of the United States District Court directing her to pay attorney's fees from past due supplemental security income benefits. The district judge found no logical policy basis for distinguishing between Title II and Title XVI as to the award of attorney's fees. The Third Circuit agreed. As to the Secretary's defense of 20 C.F.R. § 416.1520(d)(3) the court held it was "simply not applicable to the case at hand." 735 F.2d at 762. This provision regulates fees that may be charged for services before the Secretary and administrative process. The regulation does not authorize the Secretary to exercise any function with respect to fees for services in the courts.

*Adams v. Secretary of Health & Human Services*, 596 F.Supp. 449 (N.D.N.Y. 1984), adopts the language of *Reid* and *Vaughn* in stating that to construe Title XVI in such a manner as to exclude the attorney fees provision of 42 U.S.C. § 406(b) from application where the plaintiff's claim is for SSI benefits, would be to ignore the clear legislative intent that this court's review of Title XVI claims be "virtually identical" to its review of Title II claims, *Vaughn, supra* at 187. *See also Reid*, at 761. The court held, therefore, that attorney fees pursuant to 42 U.S.C. § 406(b)(1) may be awarded to prevailing claimants in SSI cases.

Cases with opposite views are: *Baim v. Harris*, 515 F.Supp. 227 (N.D.Ohio 1981), *Franklin v. Secretary of Health & Human Services*, 525 F.Supp. 398 (E.D. Mich.1981). These cases held § 406 attorney fees are not available in SSI cases because Title XVI contains no specific language incorporating § 406. But *Reid, supra, Vaughn, supra,* and *Adams, supra,* along with *Dolin v. Harris*, 501 F.Supp. 97 (D.Md.1980) and *Hornal v. Schweiker*, 551 F.Supp. 612, 614 n. 1 (M.D.Tenn.1982) all held judicial review under § 405(g) gives the court implied authority to grant attorney's fees in SSI cases.

The latter cases hold the better view. The public policy for authorizing attorney fees in Title II cases is as strong if not stronger in Title XVI cases. Provision for attorney fees will promote adequate representation of SSI claimants by assuring attorneys that their fees will be paid, and by assuring payment the claimants will be assured protection of their rights. Section 406's ceiling on attorney's fees also protects the claimant from oppressive and improvident arrangements. Therefore, the court should award attorney's fees in the amount of 25% of *all* accrued benefits.

Therefore, the court being advised,

IT IS ORDERED that plaintiff's motion for an award of attorney's fees be, and it is, hereby GRANTED, and plaintiff's counsel shall be awarded the sum of $1,913.25, which represents 25% of the total accrued benefits of $7,653.00.