Mary Alice **GALBREATH**, Appellee,

v.

Otis R. **BOWEN**, M.D., Secretary of Health and Human Services, Appellant.

No. 85–2496.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1986.

Decided Aug. 14, 1986.

Janet Isak Hawley, Baltimore, Md., for appellant.

Anthony W. Bartles, Jonesboro, Ark., waived argument for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LARSON, Senior District Judge.[*]

FLOYD R. GIBSON, Senior Circuit Judge.

The Secretary of Health and Human Services ("Secretary") appeals from the district court's[1] order directing the Secretary to pay an attorney's fee from past-due supplemental security income (SSI) benefits awarded to the attorney's client Mary Alice Galbreath, under Title XVI of the Social Security Act ("Act"). The Secretary argues that the Act does not authorize the withholding of past-due SSI benefits for the payment of attorney's fees. We affirm the district court's order.

Mary Alice Galbreath applied for SSI benefits on May 26, 1982. The Secretary denied Galbreath's application; on August 10, 1983 Galbreath appealed this administrative decision to the federal district court. On February 15, 1985 the district court reversed the Secretary's denial of Galbreath's claim, and the Secretary proceeded to effectuate the court's decision. Galbreath was sent a check dated July 23, 1985 in the amount of $7,954.00. Galbreath's attorney, Anthony W. Bartels, then moved the court for attorney's fees in the amount of $1,988.50, or 25% of Galbreath's past-due benefits. In its order, the district court determined that the amount requested by Bartels was reasonable, and ordered the Secretary "to compute, certify and pay" Bartels his requested fee.

On appeal to this court, the Secretary argues that neither the Act nor the Secretary's regulations authorized the withholding of past-due benefits for payment of attorney's fees in SSI cases, and that therefore the district court was without the power to order the Secretary to withhold attorney's fees from Galbreath's benefits for payment to Bartels.[2] The Secretary asserts that the section of the Act relied on by the district court in its order, 42 U.S.C. § 406(b)(1), pertains only to attorney's fees for services before the court in Title II (disability benefits) cases, and that no counterpart for section 406(b)(1) exists in Title XVI. Without such statutory authority, the Secretary contends that he is obligated to authorize full payment of SSI benefits to a claimant on establishment of his or her entitlement to such benefits, without diverting part of the benefits in payment of an attorney's fee.

Before we reach the merits of the issue in dispute, some discussion of the differences between Titles II and XVI of the Act

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. The Secretary does not take issue with the amount of attorney's fees awarded Bartels.

is warranted. Title II of the Act provides benefits for insured individuals suffering from a disability rendering them unable to engage in substantial gainful activity. 42 U.S.C. § 423(a) and (d)(1)(A) (1982). Title XVI, on the other hand, which was enacted in 1972, affords benefits to persons who are aged, blind, or disabled and whose financial resources fall below minimum levels, regardless of whether they have insured status under Title II. 42 U.S.C. § 1382(a) (1982).

Before 1965, Title II did not expressly authorize a district court to award attorney's fees to a claimant's attorney. In *Celebrezze v. Sparks*, 342 F.2d 286, 290 (5th Cir.1965), the Fifth Circuit held that the district court acted within its judicial power in providing that attorney's fees be paid out of past-due benefits recovered by a claimant. The court stated that section 205(g)[3] of the Act, 42 U.S.C. § 405(g), gave the district court "full judicial power to deal with the litigation * * * including the power * * * to provide for the payment from the past due benefits recovered by the claimant in the litigation of counsel fees for conducting it." 342 F.2d at 288. The court reasoned that giving the district court the authority to make attorney's fee awards out of past-due benefits would foster the important policy of assuring disability claimants of adequate legal representation. *Id.* at 289. Later in 1965 Congress, "in effect, incorporated the *Sparks* rationale into Title II by an amendment," *Reid v. Heckler,* 735 F.2d 757, 761 (3d Cir.1984), which was codified at 42 U.S.C. § 406(b)(1).[4]

In 1972 Congress enacted Title XVI of the Act. 86 Stat. 1465 (1972) (current version at 42 U.S.C. §§ 1381–1383 (1982)). Although Title XVI incorporates many sections of Title II, section 406(b)(1) is not expressly incorporated, nor does Title XVI, make any other provision for the direct payment of attorney's fees for representation before the district court. In regard to attorney's fees for representation before the agency under Title XVI, the House Ways and Means Committee stated its belief that the "withholding of attorney fees from [an] individual's benefits * * * * would be contrary to the purpose of the program." H.R.Rep. No. 231, 92d Cong., 2d Sess. 3, *reprinted in* 1972 U.S.Code Cong. & Ad.News 4989, 5142.·

As enacted, Title XVI called for hearing procedures "the same as under section 405(g) of Title II except that determinations of fact made by the Secretary would be conclusive and not subject to judicial review." *Reid,* 735 F.2d at 761; 86 Stat. 1476. In 1976, however, Congress amended Title XVI to include judicial review of the Secretary's final determination in SSI cases. 42 U.S.C. § 1383(c)(3) provides: "The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determinations under section 405 of this title." Thus the amendment was intended to result in the application of "the same rules of judicial review to title XVI cases as apply to title II cases." S.Rep. No. 550, 94th Cong., 1st Sess. 2, *reprinted in* 1975 U.S.Code Cong. & Ad.News 2347, 2350.

---

**3.** That part of section 205(g) relied on by the court reads as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**4.** 42 U.S.C. § 406(b)(1) reads as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

With this legislative history in mind, we take a look at those cases that have addressed the question of the district court's authority to award attorney's fees for services before the court in Title XVI cases. The Sixth Circuit, the Northern District of Florida, the Eastern District of Michigan, and the Northern District of Ohio have held that the district court is without authority to order the payment of attorney's fees from past-due SSI benefits. *See McCarthy v. Secretary of Health and Human Services,* 793 F.2d 741, 744–45 (6th Cir.1986); *Brown v. Bowen,* No. PCA 84–4284–RV, slip op. at 3 (N.D.Fla. May 22, 1986) [Available on WESTLAW, DCTU database]; *Franklin v. Secretary of Health and Human Services,* 525 F.Supp. 398, 399 (E.D. Mich.1981); *Baim v. Harris,* 515 F.Supp. 227 (N.D.Ohio 1981). In so holding, these courts have relied on the lack of express authority in Title XVI for such fee awards, and especially on the failure of Congress to incorporate into Title XVI section 406(b)(1) of Title II, permitting the withholding of attorney's fees from past-due benefits. Further, in *McCarthy* the Sixth Circuit believed that the House Ways and Means Committee's position that the withholding of attorney's fees from benefits for representation before the agency "would be contrary to the purpose of the program," would apply equally to representation before the court. *McCarthy,* at 744.

The Third Circuit, the Eastern District of Kentucky, the Northern District of New York, the District of Maryland, and the Eastern District of Tennessee have all held that the district court does possess the authority to make an award of attorney's fees in SSI cases. *Reid v. Heckler,* 735 F.2d at 762; *Mullanix v. Heckler,* 624 F.Supp. 529, 530–31 (E.D.Ky.1986); *Adams v. Secretary of Health and Human Services,* 596 F.Supp. 449, 453 (N.D.N.Y.1984); *Dolin v. Harris,* 501 F.Supp. 97, 98 (D.Md. 1980); *Vaughn v. Califano,* 442 F.Supp. 185, 188 (E.D.Tenn.1977).[5] These courts acknowledge the lack of express statutory authority for a court award of attorney's

fees in SSI cases, but look to the legislative history of Title XVI to find that Congress intended the same treatment on representation and attorney fees as that provided for Title II claimants, and that courts possess an implied and inherent power to make such awards. Just as the Fifth Circuit in *Celebrezze v. Sparks,* 342 F.2d at 288, held that section 405(g) gave courts the power to provide for the payment of attorney's fees from past-due Title II benefits, the Third Circuit in *Reid* reasoned that the 1976 amendment to Title XVI incorporating section 405(g) into Title XVI gives district courts the implied authority to grant attorney's fees in SSI cases. *See Reid,* 735 F.2d at 761–62 ("[S]ection 405(g) has been carried over into Title XVI and with that provision goes the implied and inherent power of the court set out in the *Sparks* case"). Further, the court in *Vaughn* stated, "An integral part of the court's review under 42 U.S.C. § 405(g) relates to the attorney's fee provisions of 42 U.S.C. § 406(b)." 442 F.Supp. at 187. *See also Mullanix,* 624 F.Supp. at 531 (quoting *Vaughn* ); *Adams,* 596 F.Supp. at 452 (same).

In response to the Secretary's argument that Congress' failure to expressly incorporate § 406(b) into Title XVI was deliberate and militates against applying its provisions in Title XVI cases, the court in *Vaughn* stated:

> The defendant is obviously correct in its assertion that the Congress has expressly incorporated by reference certain sections of title II into title XVI. *See* 42 U.S.C. § 1383(d)(1). However, this incorporation was not a part of the aforementioned 1976 amendment to title XVI, which provided for the judicial review of final administrative determinations denying this category of benefits. These statutory sections were incorporated thereinto by reference long before the Congress acted to grant this Court jurisdiction to review title XVI claims. Accordingly, such expressed incorporation

---

5. The value of *Mullanix v. Heckler* and *Vaughn v. Califano* as precedent was of course negated

by the Sixth Circuit's decision in *McCarthy v. Secretary of Health and Human Services.*

cannot be viewed as a congressional expression that the attorney fee provisions of 42 U.S.C. § 406(b) should not be applicable to the title XVI review procedure. Had the Congress, in passing the 1976 amendments to title XVI, *then* expressly incorporated by reference certain provisions of title II, but without mentioning § 406(b), *supra*, then the defendant's contention in this regard might have merit.

442 F.Supp. at 187. The court in *Adams* made a similar response to the Secretary's citation to the House Report on the original Title XVI amendments that stated that withholding attorney's fees for representation before the Secretary in Title XVI cases "would be contrary to the purpose of the program." The court reasoned that "the Secretary's reliance on legislative history concerning the 1972 amendments cannot outweigh the clear legislative intent of the 1976 amendment making SSI cases subject to the same judicial review as disability cases." 596 F.Supp. at 453.

We find the position taken by the courts in *Reid* and *Vaughn* and their progeny, that the district court does have the power to award attorney's fees from past-due SSI benefits, more compelling than the opposite position taken by the Secretary. Absent express statutory prohibition, the district court possesses the inherent power to withhold and certify for payment an attorney's fee from SSI benefits. Congress made it very clear in amending Title XVI in 1976 to incorporate section 405(g) that the scope of judicial review under Title XVI was to be "virtually identical" to that under Title II. *See* S.Rep. No. 550, 94th Cong., 1st Sess. 2, *reprinted in* 1975 U.S.Code Cong. & Ad. News 2347. Because we think that the authority to provide for the payment of attorney's fees is an integral part of the court's power of judicial review under section 405(g) and not contrary to the express intent of Congress, we hold that the district court did not err in directing the Secretary to pay attorney Bartels' fee from claimant Galbreath's past-due SSI benefits. In so holding, we acknowledge the conclusions of other courts that this result will promote the important policy of assuring adequate legal representation of SSI claimants. First, an award of fees to successful counsel furthers the congressional goal of providing SSI benefits through judicial review to those claimants who otherwise would not obtain such benefits. *See Reid*, 735 F.2d at 760, 762; *Mullanix*, 624 F.Supp. at 531; *Adams*, 596 F.Supp. at 453. Second, adoption of the 25% ceiling provides some compensation and hence an incentive to counsel, while simultaneously barring higher fees through private contingency agreements. *Mullanix*, 624 F.Supp. at 531; *Adams*, 596 F.Supp. at 453.

The district court's order is affirmed.