**Joann CLAY, Plaintiff, Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellant.**

**No. 86–1995.**

United States Court of Appeals, First Circuit.

Submitted March 5, 1987.

Decided July 13, 1987.

*United States v. Petrozziello,* 548 F.2d 20 (1st Cir.1977).

Larry K. Banks, Office of Gen. Counsel, Social Sec. Div., Baltimore, Md., Richard K. Willard, Asst. Atty. Gen., Washington, D.C., and Donald A. Gonya, Chief Counsel, Baltimore, Md., for Social Sec.

Randolph W. Gaines, Deputy Chief Counsel, Baltimore, Md., for Social Sec. Litigation.

Gwenda Jones Kelley, Acting Chief, Supplemental Sec. Income Litigation Branch, Baltimore, Md., on brief, for defendant, appellant.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

The Secretary of Health and Human Services appeals from the district court's order directing the Secretary to pay attorneys' fees to counsel for claimant Joann Clay, for representation of claimant before the district court, out of past-due Supplementary Security Income ("SSI") benefits awarded to Clay under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–83c, 639 F.Supp. 1322 (N.H.1986). The Secretary contends that the Act does not authorize the withholding of past-due SSI benefits owing to a claimant for the payment of attorneys' fees to claimant's counsel for representation in court. We affirm.

Plaintiff-appellee Joann Clay applied for SSI benefits under Title XVI on August 26, 1981. After the Secretary denied her claim, Clay sought review in the district court, which remanded for the taking of additional testimony. On remand the Secretary again denied benefits, and Clay again sought district court review. On December 23, 1985, the district court reversed the Secretary's determination and awarded Clay SSI benefits retroactive to August 26, 1981. Since during that period Clay had received welfare benefits from the State of New Hampshire, these past-due SSI benefits (which totalled $16,825.10 at the end of March 1986) were paid by the Secretary directly to the state as reimbursement. On April 3, 1986, Clay's counsel applied for an award of attorneys' fees for his successful

efforts in representing Clay before the court. The fee application relied upon the Equal Access to Justice Act, 28 U.S.C. § 2412, and upon the Social Security Act, 42 U.S.C. § 406(b)(1). In a July 18, 1986 order, the district court denied counsel's Equal Access to Justice Act application as untimely filed, but found counsel entitled to a fee in the amount of $2,606.50 under the Social Security Act. Since the Secretary already had sent Clay's past-due benefits to the State of New Hampshire, the court directed the Secretary to "make such arrangements as he desires with the State of New Hampshire to recoup such funds as are necessary for payment to claimant's counsel for an award of fees pursuant to Title XVI." The Secretary brought the instant appeal.

Courts that have considered the issue raised in the instant case have reached divergent conclusions. The Third and Eighth Circuits have held that the district court does have authority to direct that attorneys' fees be withheld from past-due benefits in SSI cases. *Galbreath v. Bowen*, 799 F.2d 370 (8th Cir.1986), *cert. granted*, — U.S. —, 107 S.Ct. 1970, 95 L.Ed.2d 811 (1987); *Reid v. Heckler*, 735 F.2d 757 (3d Cir.1984). The Fourth and Sixth Circuits, on the other hand, have held that the district court does not. *Motley v. Heckler*, 800 F.2d 1253 (4th Cir.1986); *McCarthy v. Secretary of Health and Human Services*, 793 F.2d 741 (6th Cir.1986). A similar split has marked the district court authorities on the issue. District court power to withhold fees has been found in *Howard v. Bowen*, 633 F.Supp. 495 (N.D.Ill.1986); *Adams v. Secretary of Health and Human Services*, 596 F.Supp. 449 (N.D.N.Y.1984); and *Dolin v. Harris*, 501 F.Supp. 97 (D.Md.1980).[1] The contrary result has been reached in *Brown v. Bowen*, No. PCA 84–4284–RV, slip op. (N.D.Fla. May 22, 1986) [Available on WESTLAW, DCT database]; *Franklin v. Secretary of Health and Human Services*, 525 F.Supp.

398 (E.D.Mich.1981); and *Baim v. Harris*, 515 F.Supp. 227 (N.D.Ohio 1981). The Supreme Court apparently will ultimately rule on the issue, certiorari having been granted in *Galbreath v. Bowen, supra*, 799 F.2d 370, on May 4, 1987. 107 S.Ct. 1970. We now turn to our consideration of the issue.

The Secretary argues that the district court was without power to direct the Secretary to withhold attorneys' fees from Clay's SSI benefits for direct payment to Clay's counsel because nothing in either the Act or the Secretary's regulations authorized the Secretary to withhold past-due benefits for payment of attorneys' fees in SSI cases. The Secretary points out that Title II of the Act, which provides benefits for insured persons who are found disabled, contains a provision that expressly provides for the withholding of past-due benefits for payment of attorneys' fees for services before the court in Title II cases. That provision, 42 U.S.C. § 406(b)(1), states as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Title XVI, by contrast, provides benefits for disabled persons whose financial resources fall below certain minimum levels who need not have insured status under Title II. Title XVI contains no provision

---

**1.** Three decisions reaching this result handed down by district courts within the Sixth Circuit have been vitiated by the Sixth Circuit's contrary decision in *McCarthy v. Secretary of Health and Human Services, supra*, 793 F.2d 741. *See Mullanix v. Heckler*, 624 F.Supp. 529 (E.D.Ky.1986); *Kovar v. Heckler*, 622 F.Supp. 967 (N.D.Ohio 1985); *Vaughn v. Califano*, 442 F.Supp. 185 (E.D.Tenn.1977).

parallel to 42 U.S.C. § 406(b)(1). Absent such express statutory authority, the Secretary argues, the Secretary must make full payment of SSI benefits to a claimant once the claimant's entitlement to benefits is established, and cannot set aside any part of that sum for direct payment to claimant's counsel. Instead, it is up to counsel to make his own independent arrangements to recover his attorneys' fees from claimant.

This argument certainly has substantial superficial appeal. However, our review of the legislative history of Titles II and XVI convinces us, as it did the district court, that the contrary conclusion better reflects the intent of Congress.

Title II was amended in 1965 to include the provision that is now codified at 42 U.S.C. § 406(b)(1), expressly authorizing fee awards out of past-due benefits in Title II cases. 79 Stat. 403. Shortly before that amendment, the Fifth Circuit held in *Celebrezze v. Sparks*, 342 F.2d 286 (5th Cir. 1965), that 42 U.S.C. § 405(g),[2] the judicial review provision in Title II, implicitly accorded the district court power to direct payments in this manner. The court held that § 405(g) "confers upon the district court full judicial power to deal with the litigation ... including the power ... to provide for the payment from the past due benefits recovered by the claimant in the litigation of counsel fees for conducting it." *Id.* at 288. The court held that such a fee award would not violate 42 U.S.C. § 407, which bars the transfer, assignment, attachment or garnishment of future payments under the Act, since fees would be paid out of past due benefits rather than future payments. *Id.* The court also found that public policy considerations supported its holding, noting that assuring payment of attorneys' fees promoted adequate representation of claimants and that allowing the court to fix reasonable fees protected indigent claimants from "oppressive and improvident arrangements." *Id.* at 289. It was in reaction to this holding that Congress in 1965 "in effect, incorpo-

rated the *Sparks* rationale into Title II by an amendment." *Reid v. Heckler, supra,* 735 F.2d at 761.

Congress enacted Title XVI in 1972. 86 Stat. 1465. Hearing procedures under Title XVI "were to be the same as under section 405(g) of Title II except that determinations of fact made by the Secretary would be conclusive and not subject to judicial review." *Reid v. Heckler, supra,* 735 F.2d at 761; 86 Stat. 1476. Although many sections of Title II were incorporated into new Title XVI, *see* 42 U.S.C. § 1383(d)(1), section 406(b)(1) was not, and Title XVI made no provision for payment of attorneys' fees for representation in court. Nor did Title XVI (unlike Title II, 42 U.S.C. § 406(a)) provide for withholding from past-due benefits of attorneys' fees for representation before the agency. It merely stated that the Secretary could set maximum fees for such representation. The legislative history to Title XVI stated, "Your committee believes that to withhold such fees would be contrary to the purpose of the program." H. Rep. No. 231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Ad.News 4989, 5142. By this the committee apparently meant that withholding attorneys' fees would deprive indigent SSI claimants of a portion of the basic subsistence the SSI program is designed to provide. The legislative history was silent concerning the question of fees for services performed in court.

Finally, in 1976 Title XVI was amended to provide for judicial review of the Secretary's determinations of fact in Title XVI cases. New language stated, "The final determination of the Secretary after a hearing ... shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determination under section 405 of this title." 42 U.S.C. § 1383(c)(3). The legislative history stated that the amendment would provide "judicial review of a parallel nature for social security, SSI, and medicare claimants.... The principal effect of

---

**2.** The relevant language in § 405(g) provides, "The court shall have power to enter, upon the pleadings and transcript of the record, a judg-

ment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

this last modification is to apply the same rules of judicial review to Title XVI cases as apply to Title II cases." S. Rep. No. 550, 94th Cong., 1st Sess. 4, *reprinted in* 1975 U.S.Code Cong. & Ad.News 2347, 2350. Nothing in the legislative history specifically adverted to the question of attorneys' fees for legal services in court.

We concede that authority to withhold attorneys' fees in Title XVI cases cannot be based directly on § 406(b) of Title II, since that section has not been specifically incorporated into Title XVI. However, the legislative history we have outlined above indicates that in the 1976 amendment to Title XVI Congress intended to provide the same treatment concerning representation and attorneys' fees in court in Title XVI cases as in Title II cases. Congress clearly stated its intention that judicial review be available in Title XVI cases on the same basis as in Title II cases under § 405(g). Furthermore, "[a]n integral part of the court's review under 42 U.S.C. § 405(g) relates to the attorney's fee provisions of 42 U.S.C. § 406(b)." *Adams v. Secretary of Health and Human Services, supra,* 596 F.Supp. at 452 (quoting *Vaughn v. Califano, supra,* 442 F.Supp. at 187). "Just as the Fifth Circuit in *Celebrezze v. Sparks,* 342 F.2d at 288, held that Section 405(g) gave courts the power to provide for the payment of attorney's fees from past-due Title II benefits, ... the 1976 amendment to Title XVI incorporating section 405(g) into Title XVI gives district courts the implied authority to grant attorney's fees in SSI cases." *Galbreath v. Bowen, supra,* 799 F.2d at 373. As the court stated in *Reid v. Heckler, supra,* 735 F.2d at 762, "[S]ection 405(g) has been carried over into Title XVI and with that provision goes the implied and inherent power of the court set out in the *Sparks* case. Although modified to some extent in Title II by section 406(b), the vitality of *Sparks* has not been diminished in Title XVI litigation."

The Secretary's strongest points in disagreement with this conclusion are the failure of Congress to expressly incorporate § 406(b) into Title XVI in 1972 when other sections of Title II were incorporated, and the above-quoted legislative history accompanying the 1972 amendments which stated that it "would be contrary to the purpose of the program" in Title XVI cases to permit withholding of attorneys' fees from past-due benefits for legal representation before the Secretary. The primary fault in this reasoning is that it relies on circumstances surrounding the 1972 amendments, whereas we find an implicit Congressional intention to allow withholding for services in court in the subsequent 1976 amendment. As the court noted in *Galbreath v. Bowen, supra,* 799 F.2d at 373–74 (quoting *Vaughn v. Califano, supra,* 442 F.Supp. at 187) (emphasis in original):

> The defendant is obviously correct in its assertion that the Congress has expressly incorporated by reference certain sections of title II into title XVI. *See* 42 U.S.C. § 1383(d)(1). However, this incorporation was not a part of the aforementioned 1976 amendment to title XVI, which provided for the judicial review of final administrative determinations denying this category of benefits. These statutory sections were incorporated thereinto by reference long before the Congress acted to grant this Court jurisdiction to review title XVI claims. Accordingly, such expressed incorporation cannot be viewed as a congressional expression that the attorney fee provisions of 42 U.S.C. § 406(b) should not be applicable to the title XVI review procedure. Had the Congress, in passing the 1976 amendments to title XVI, *then* expressly incorporated by reference certain provisions of title II, but without mentioning § 406(b), *supra,* then the defendant's contention in this regard might have merit.

By the same token, while the 1972 legislative history concerning fees for services before the Secretary might carry much weight if standing alone—even though the instant case involves fees for services before the court, not before the Secretary— we cannot find it persuasive in light of the 1976 amendment making Title XVI SSI cases subject to the same judicial review as Title II cases. While we agree that the Secretary's interpretation of the statute he

administers should be accorded deference, *see McCarthy v. Secretary of Health and Human Services, supra,* 793 F.2d at 744, we feel compelled to reach a contrary result on this issue.[3]

■ The Secretary also points to 42 U.S.C. § 1383(g), which provides that when a state has provided interim assistance to an SSI claimant and has a reimbursement agreement with the Secretary, the Secretary may send past-due SSI payments to the state as reimbursement. The Secretary argues that withholding attorneys' fees from past-due benefits that will be sent to the state as reimbursement conflicts with the procedure established by § 1383(g). *See McCarthy v. Secretary of Health and Human Services, supra,* 793 F.2d at 745. However, § 1383(g) says nothing to bar withholding of attorneys' fees prior to reimbursement of the state. It is silent on that issue. Since we have concluded, for the reasons stated above, that Congress intended to authorize district courts to withhold such fees in Title XVI cases as part of the judicial review to be accorded under § 1383(c)(3), we also find that Congress intended to allow such fees to be withheld prior to reimbursement of the state under § 1383(g). In the instant case, the state already had been reimbursed prior to the district court's July 18, 1986 opinion on this issue. We agree with the district court that the Secretary can either recoup such funds from the state or

bear the burden of recovering the attorneys' fees from the claimant for payment to counsel.[4]

Like other courts that have reached the same conclusion on this issue, we do not overlook the important public policy considerations that argue in favor of that conclusion. If claimant's counsel in SSI cases cannot be granted fees directly from past-due benefits, counsel would be left with the uncertain prospect of collecting attorneys' fees from an indigent claimant. Assuring counsel payment of attorneys' fees after success in court will promote adequate legal representation of SSI claimants, which will often be necessary to assure vindication of those claimants' rights under Title XVI. This is a particular concern as to the SSI program, since SSI claimants are indigent by definition. The result we have reached "furthers the congressional goal of providing SSI benefits through judicial review to those claimants who otherwise would not obtain such benefits." *Galbreath v. Bowen, supra,* 799 F.2d at 374. *See, e.g., Reid v. Heckler, supra,* 735 F.2d at 762; *Adams v. Secretary of Health and Human Services, supra,* 596 F.Supp. at 453. If, as is the case under Title II pursuant to § 406(b), counsel in Title XVI cases is limited to a fee of 25% of past-due benefits (an issue we are not now called upon to decide),[5] then our result would also serve to protect SSI claimants from improvident or excessive contingent fee arrangements

3. Indeed, the Secretary's own regulation, 20 C.F.R. § 416.1540(b), implicitly recognizes the court's power to fix attorneys' fees for legal services before the court. That regulation provides, "No attorney or other person representing a claimant shall ... (b) knowingly charge or collect, or make any agreement to charge or collect, directly or indirectly, any fee in any amount in excess of that allowed by us or by the court...." The regulation concededly cannot be read to authorize withholding of attorneys' fees fixed by the court from past-due benefits.

4. We see no merit to the Secretary's argument that withholding attorneys' fees violates 42 U.S.C. § 407, which is made applicable to Title XVI by 42 U.S.C. § 1383(d)(1). Section 407 provides:

(a) *Inalienability of right to future payments.* The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and

none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Since the issue in the instant case involves withholding of fees from past-due benefits, not assignment of or imposition of a lien on future payments, section 407 does not govern. *Celebrezze v. Sparks, supra,* 342 F.2d at 288.

5. The Eighth Circuit in *Galbreath* assumed that the 25% ceiling imposed by § 406(b) also would govern in SSI cases. The Third Circuit in *Reid* stated that the 25% ceiling "should be respected by the district courts in Title XVI cases" because it "is an indication of congressional consensus on what constitutes a reasonable fee in Social Security cases." *Reid v. Heckler, supra,* 735 F.2d at 762.

with counsel. *See Galbreath v. Bowen, supra,* 799 F.2d at 374; *Adams v. Secretary of Health and Human Services, supra,* 596 F.Supp. at 453.

We note, also, that contrary to the Secretary's argument, Title XVI's important policy goal of providing basic subsistence to indigent SSI claimants is not thwarted in any way by withholding attorneys' fees for services performed in court. *But see McCarthy v. Secretary of Health and Human Services, supra,* 793 F.2d at 744. Even were such withholding not permitted, claimants still would owe attorneys' fees, and in many cases would be pursued by counsel for collection. As we have said, withholding of fees instead promotes the goals of the Act by encouraging adequate representation and, if a 25% fee limitation is imposed, protecting claimants from excessive contingent fee agreements.

The Secretary raises no objection to the size of the attorneys' fee award to counsel.

The judgment of the district court is affirmed.