Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellant,

v.

Grady L. SPARKS, Appellee.

No. 21536.

United States Court of Appeals Fifth Circuit.

March 16, 1965.

Before MARIS,* RIVES and BROWN, Circuit Judges.

MARIS, Circuit Judge.

This is an action brought in the District Court for the Eastern District of Texas by the plaintiff, Grady L. Sparks, to review a determination by the defendant, the Secretary of Health, Education and Welfare, that the plaintiff was not entitled to the disability insurance benefits under the Social Security Act which he claimed. By its judgment entered December 23, 1963 the district court reversed the decision of the Secretary and directed that officer to find that the plaintiff is entitled to disability insurance benefits for a period of disability beginning July 1, 1960. On motion of the plaintiff's attorney the court on February 14, 1964 ordered that 20% of the amount of benefits which would be due to the plaintiff up to December 23, 1963 should be allowed as counsel fees for the prosecution of the plaintiff's disability claim and that the Secretary should make all disability payments up to December 23, 1963 payable jointly to the plaintiff and his attorney. From the judgment and order of the district court the defendant took the appeal now before us.

On this appeal the Secretary does not question the decision of the district court that the plaintiff is entitled to disability benefits nor does he question the action of the court in determining the amount of the fee to which the plaintiff's attorney is entitled for his services in prosecuting the present action. The Secretary's sole contention in this court is that the district court erred in entering its order directing him to make all disability payments to December 23, 1963 payable jointly to the plaintiff and his attorney. This order, he urges, is in violation of express provisions of the Social Security Act.

Kathryn H. Baldwin, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., Bryan Blalock, Asst. U. S. Atty., Beaumont, Tex., John W. Douglas, Asst. Atty. Gen., William W. Justice, U. S. Atty., Dept. of Justice, Washington, D. C., for appellant.

Earl B. Stover, Silsbee, Tex., for appellee.

■ The Secretary urges that the court's order would compel him to violate

---

* Of the Third Circuit, sitting by designation.

section 205(i) [1] of the Act. We do not agree. That subsection directs the Secretary to certify a payment, inter alia, "upon final judgment of any court of competent jurisdiction, that any person is entitled to any payment * * * under this subchapter." This language may not be given the narrow construction urged by the Secretary but must be held to include a payment of counsel fees out of an award of benefits under the Act when ordered by a court of competent jurisdiction. The Secretary also argues that the court's order violates section 207 of the Act which prohibits the transfer, assignment, attachment or garnishment of future payments under the Act.[2] We see no merit in this contention. For even if the court's order amounted to a transfer within the meaning of the section, which we do not think it does, it is clear that the section applies only to a "future payment" whereas the court's order here deals solely with past due benefits.

We think that section 205(g)[3] of the Act confers upon the district court full judicial power to deal with the litigation brought to it under that section, including the power, in appropriate cases, to provide for the payment from the past due benefits recovered by the claimant in the litigation of counsel fees for conducting it. We are in full accord with the views of the Court of Appeals for the Fourth Circuit upon this question, as expressed in Folsom v. McDonald, 1956, 237 F.2d 380. In that case the court upheld the allowance by the district court of counsel fees from an amount of Social Security benefits determined to be due an infant plaintiff suing by guardian ad litem. In discussing this question the Court of Appeals for the Fourth Circuit said (pp. 382–383):

"It is argued that nothing in the Social Security Act, 42 U.S.C.A. § 301 et seq., gives the court the power to fix fees for counsel, but as pointed out in Gonzalez v. Hobby, [1 Cir., 213 F.2d 68], supra, nothing in the act forbids it; and where the court is given jurisdiction of litigation arising under the act, it must be presumed that it was intended that the court should exercise all the powers of a court, including the power to protect the rights of minors in litigation before it and to provide for the payment of counsel fees for conducting the litigation from any recovery obtained therein. It is argued that the power may not be exercised because the government has not consented to be sued with respect to counsel fees and has not waived its governmental immunity with respect to such suits; but the fees are awarded not against the

1. "(i) Upon final decision of the Secretary or upon final judgment of any court of competent jurisdiction, that any person is entitled to any payment or payments under this subchapter, the Secretary shall certify to the Managing Trustee the name and address of the person so entitled to receive such payment or payments, the amount of such payment or payments, and the time at which such payment or payments should be made, and the Managing Trustee, through the Division of Disbursement of the Treasury Department, and prior to any action thereon by the General Accounting Office, shall make payment in accordance with the certification of the Secretary: *Provided*, That where a review of the Secretary's decision is or may be sought under subsection (g) of this section the Secretary may withhold certification of payment pending such review. The Managing Trustee shall not be held personally liable for any payment or payments made in accordance with a certification by the Secretary." 42 U.S.C.A. § 405(i).

2. "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C.A. § 407.

3. "(g) * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. * * *" 42 U.S.C.A. § 405(g).

government but against the recovery which belongs to the infant plaintiff and not the government. It is, further, argued that to permit the allowance of fees of counsel would amount to an assignment of a portion of a claim against the government in violation of the assignment statute; but it is perfectly clear that no assignment results from the determination by the court of the rights of an attorney in a recovery on account of services rendered. Houston v. Ormes, 252 U.S. 469, 473–474, 40 S.Ct. 369, 64 L.Ed. 667. Finally it is argued that such an allowance is contrary to the provision of the statute, 42 U.S.C.A. § 405(j), authorizing the administrator to make a payment to persons other than the applicant, for his use and benefit, where this appears to the best interest of the applicant; but this relates to payments to incompetents and was never intended to limit the power of the court, which by the statute is authorized upon review to enter 'a judgment affirming, modifying, or reversing the decision of the Administrator'. § 405(g)."

The Secretary argues that the McDonald case is to be distinguished on the ground that it involved a minor plaintiff who could not himself contract for legal services. But his guardian was not under this disability and certainly the Act makes no distinction between minor and adult claimants. Therefore, if, as was held in the McDonald case, the Act does not prohibit an award of attorney's fees out of Social Security benefits recovered in a proceeding brought on behalf of an infant plaintiff, it can hardly be construed as prohibiting the award of such fees in a similar proceeding in which the plaintiff is a disabled adult. Indeed the importance of reposing power in the court to fix and allow fees may be just as great in the latter case as in the former. For a disabled and probably indigent adult claimant who has been denied benefits by the Secretary is just as much in need of counsel to assist him

in prosecuting his appeal to the district court as is the guardian of a minor claimant. And in either case it is quite probable that the fund realized from the court's judgment is the only fund available for the payment of the lawyer whose efforts produced it for his client. We fully agree with Judge Fisher's statement in his opinion filed in the district court in the present case that surely Congress in providing for judicial review of the Secretary's determinations, "did not intend to deny claimants, often in strained financial circumstances, adequate legal representation by depriving the Court of a method by which attorneys could be assured of their fee from the use of this most reasonable, and in most instances, the only source of income available to the claimant." As Justice Holmes said in Dickinson v. Stiles, 1918, 246 U.S. 631, 632–633, 38 S.Ct. 415, 416, 62 L.Ed. 908, "Congress cannot have contemplated that the claims to which its action gave rise or power would be paid in all cases without litigation, or that suits would be tried by lawyers for nothing, yet it did not regulate attorney's fees." We may add that the intervention of the district courts in these cases to fix and allow reasonable counsel fees may well protect indigent claimants from oppressive and improvident arrangements.

The case of Gonzalez v. Hobby, 1 Cir. 1954, 213 F.2d 68, upon which the Secretary relies, is distinguishable on its facts from the case before us. In that case the district court, in the exercise of its discretion, denied an application by the mother and natural guardian of minor plaintiffs who had been successful in recovering benefits under the Social Security Act, to determine the fees due their counsel and to order payment thereof. The Court of Appeals affirmed the order of the district court but pointed out that payment and receipt of counsel fees is not prohibited by the Act and went on to say (p. 69):

" * * * Certainly counsel who prosecute such actions to review adverse decisions under the Social Security Act are entitled to receive

reasonable fees for their services and the claimants for whom the services are performed should pay for them."

The sole question before the Court of Appeals in the Gonzalez case was whether the district court could be compelled to fix and provide for the payment of counsel fees in such a case. It did not have the question which is presented to us in the present case, namely, whether a district court which has fixed counsel fees and provided for their payment out of the past due benefits recovered by the claimant has exceeded its judicial power or violated the Act. This question we answer in the negative.

The judgment and order of the district court will be affirmed.