**Marguerite B. REID**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.**

**Nos. 83–1461, 83–1641.**

United States Court of Appeals, Third Circuit.

Argued April 23, 1984.

Decided May 31, 1984.

Edward S.G. Dennis, Jr., U.S. Atty., Serena H. Dobson, Asst. U.S. Atty., E.D. Pa., Philadelphia, Pa., Beverly Dennis, III, Regional Attorney, Michael P. Meehan (argued), Asst. Regional Attorney, Department of Health & Human Services, Philadelphia, Pa., for appellant.

Faye R. Cohen (argued), Cohen & Cohen Associates, Philadelphia, Pa., for appellee.

Before ALDISERT, WEIS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Secretary of Health and Human Services has appealed from a district court order directing her to pay an attorney's fee from past-due SSI benefits awarded to a claimant under Title XVI of the Social Security Act. We conclude that the judicial review provisions of the Act confer authority on the district court to issue such an order and consequently we affirm.

Plaintiff Marguerite Reid appealed adverse administrative rulings to the district court, which determined that she was entitled to supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83 (1982). The district court then approved an application for attorney fees in the amount of $2,380, and directed the Secretary to pay that amount from the past-due benefits awarded to plaintiff. The Secretary moved for reconsideration, contending that she lacked statutory authority to remit the fees directly to the attorney. When that motion was denied, the Secretary brought this appeal.

Plaintiff was denied benefits following a hearing before an ALJ at which she was represented by Community Legal Services. When CLS advised plaintiff that a success-ful appeal of the decision was unlikely, she retained private counsel, Sanford H. Cohen, on a contingent fee arrangement. He, and later his partner, Faye Cohen, appealed the administrative decision to the district court. After an unfruitful remand to the Secretary, the court, on a second appeal, determined that plaintiff was entitled to benefits.

Despite her attorneys' successful efforts, plaintiff made clear that she did not intend to pay the agreed, or any, fee for legal services. It also appeared that during the pendency of the litigation, plaintiff had received financial assistance from the Pennsylvania Department of Public Welfare and had agreed to repay those sums from the SSI benefit award. In view of these developments, counsel filed a motion with the district court, asking that the past-due benefits be paid into court and that upon determination of a reasonable fee, the funds be distributed to those entitled to the money.

The district court reviewed the Cohen fee application and found that the one-third contingency fee contract exceeded the permissible limits set by 42 U.S.C. § 406(b)(1) (1982). However, giving consideration to the hours expended by the firm, the hourly rate, and the successful result achieved, the court fixed reasonable compensation at $2,715. A retainer of $335 was deducted, leaving as the amount due $2,380.

Pennsylvania agreed to pay its proportionate share of the fee for the attorneys' efforts in recovering the state's lien. The court directed the Secretary to pay the remainder of the fee directly to the attorneys and then remit the balance of past-due benefits to plaintiff.

The Secretary protested, emphasizing that unlike Title II of the Social Security Act,[1] neither Title XVI nor its regulations authorized the payment of fees to attorneys. *See* 20 C.F.R. § 416.1520(d)(3) (1982).

The court observed that without the intervention of the Cohen firm, it was unlikely that plaintiff would have recovered.

---

1. 42 U.S.C. §§ 401 *et seq.* (1982). *See specifical-* *ly* 42 U.S.C. § 406 (1982).

The district judge found no logical policy basis for distinguishing between Title II and Title XVI as to the award of counsel fees. In addition, the court ruled that "to the extent 20 C.F.R. § 416.1520(d)(3) (1982), is construed by the Secretary to preclude an award of attorneys fees under Title XVI, it is necessarily invalid and void." Accordingly, the Secretary was directed to comply with the court's payment order.

On appeal, the Secretary contends that she lacks statutory authority to pay out any part of the past-due benefits as attorney fees, and hence must remit the full amount directly to plaintiff. The regulation is said to be consistent with the statute and therefore valid.

The reasonableness of the fee is not disputed. Moreover, it bears emphasis that the fee comes from the award of past-due benefits to plaintiff and is only for services rendered in the district court. The contested issue is whether the court could direct the Secretary to pay part of the benefits directly to the plaintiff's attorneys rather than relegating them to collection procedures against their former client.

Title II of the Social Security Act provides benefits to insured persons who have become so disabled that they are unable to engage in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A) (1982). Title XVI benefits are payable to those individuals who are similarly disabled and whose income and resources fall below designated levels. 42 U.S.C. § 1382(a) (1982). A person who does not have insured status under Title II may nevertheless receive benefits under Title XVI. *Compare* 42 U.S.C. § 423(a)(1) *with* 42 U.S.C. § 1382(a).

Although the requirements for eligibility are different, Congress, by incorporating certain provisions of Title II into Title XVI, has made the administrative hearing and judicial review process under each title generally consistent. *See* 42 U.S.C. § 1383(c)(3) (incorporates 42 U.S.C.

§ 405(g)); 42 U.S.C. § 1383(d)(1) (incorporates 42 U.S.C. § 407 and § 405(a), (d), (e), & (f)). In addition, the immunity of benefits from execution or garnishment and the prohibition against their assignment contained in section 407(a) of Title II applies to Title XVI. 42 U.S.C. § 1383(d)(1).

One procedural deviation between Titles II and XVI pertains to attorney's fees. Although section 406(b) of Title II expressly provides for direct payment of fees to the attorney, that section was not incorporated into Title XVI. It is this difference that underlies the controversy in this case.

Before 1965, Title II was without provision expressly authorizing a court to award counsel fees to a claimant's attorney. The only reference to attorney's fees was in connection with representation before the Secretary. 42 U.S.C. § 406 (1964).

In *Celebrezze v. Sparks*, 342 F.2d 286 (5th Cir.1965), a district judge had set a reasonable attorney's fee and directed the Secretary to make payments of the benefits due, jointly to the claimant and his lawyer. The Secretary challenged the authority of the court to direct payments in this manner and contended that it violated the non-assignability provisions of section 407. Judge Maris, writing for the Court of Appeals, rejected the Secretary's position and held that section 405(g) [2] "confers upon the district court full judicial power to deal with the litigation ... including the power ... to provide for the payment from the past due benefits recovered by the claimant in the litigation of counsel fees for conducting it." 342 F.2d at 288.

Judge Maris pointed out that the sound public policy of providing claimants with adequate representation was promoted by assuring lawyers that their fees would be paid. At the same time, allowing the court to fix reasonable fees protected indigent claimants from "oppressive and improvident arrangements." *Id.* at 289. He also agreed with the court in *Folsom v. Mc-*

---

**2.** Section 405(g) provided in part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (1964), *quoted in, Sparks,* 342 F.2d at 288 n. 3.

*Donald,* 237 F.2d 380 (4th Cir.1956), which found no violation of the non-assignability provisions by allowing payment of counsel fees. 342 F.2d at 288.

Congress, in effect, incorporated the *Sparks* rationale into Title II by an amendment in 1965. 79 Stat. 403 (codified at 42 U.S.C. § 406(b)(1)). That proviso specifically authorizes a court to award a fee not in excess of twenty-five percent of past-due benefits, and permits the Secretary to certify payments directly to the attorney. Section 406(a) authorizes the Secretary to set a fee for lawyers' services before the agency.

In 1972, Congress again amended the Social Security Act and at that time enacted what has become Title XVI. 86 Stat. 1465. Its hearing procedures were to be the same as under section 405(g) of Title II except that determinations of fact made by the Secretary would be conclusive and not subject to judicial review. 86 Stat. 1476. The Secretary could set maximum fees for representation before the agency, but there was no provision for payment directly to the attorney. 86 Stat. 1477.

A passage in Title XVI's legislative history says "the committee believes that to withhold such fees would be contrary to the purpose of the program." H.Rep. No. 231, 92d Cong., 2d Sess. 3 *reprinted in* 1972 U.S.Code Cong. & Ad.News 4989, 5142. It must be noted, however, that the provision for approval of fees applies only to services in administrative proceedings. The committee report did not discuss fees for services in court.

Title XVI was amended in 1975 when Congress changed the original provisions relating to hearing examiners and "clearly provid[ed for] on the record administrative hearings and judicial review of a parallel

nature for Social Security, S.S.I., and Medicare claimants." S.Rep. No. 550, 94th Cong., 1st Sess. 2, *reprinted in* 1975 U.S. Code Cong. & Ad.News 2347, 2350. Part of the statutory revision was incorporation of the substantial evidence standard for judicial review of administrative factual findings. "The principal effect of the last modification is to apply the same rules of judicial review to Title XVI cases as applied to Title II cases." *Id.*

This brief history of Titles II and XVI establishes several points. Judge Maris' conclusion—that section 405(g) implies a district court's power to fix a fee for services in court and direct payment by the Secretary—has not been changed by Congress, although the Act has been amended several times since the *Sparks* decision.[3] The lone explicit statutory provision about fees in Title XVI cases is applicable only to administrative proceedings. Finally Congress has expressed its intention that Title XVI claimants be given the same judicial review under section 405 as persons making application under Title II.

The 1975 amendments to Title XVI were precipitated by criticism over the use of certain hearing examiners and the restrictive scope of judicial review. Nevertheless, the broad sweep of the amendments making judicial review in Title XVI cases parallel that of Title II does not restrict itself to only those two aspects of the adjudicatory process.

■ Congress did not specifically incorporate the attorney fee provision of section 406(b) into Title XVI, and therefore any authority to award counsel fees for services in the courts may not be based on that section. *Cf. Vaughn v. Califano,* 442 F.Supp. 185 (E.D.Tenn.1977). However,

---

**3.** For a discussion of the scope of the *Sparks* opinion, *see Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972). We need not discuss whether the district court has the power under section 405 to award fees for services before the Secretary; whether the twenty-five percent limitation applies to the total of the services rendered in both court and administrative proceedings; or whether the entry of a judgment in the district court is a prerequisite. For discussions of these

issues, *see MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir.1975); *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972); *Fenix v. Finch,* 436 F.2d 831 (8th Cir.1971); *Dawson v. Finch,* 425 F.2d 1192 (5th Cir.1970); *Swotes v. Gardner,* 392 F.2d 428 (3d Cir.1968); *Conner v. Gardner,* 381 F.2d 497 (4th Cir.1967); *Robinson v. Gardner,* 374 F.2d 949 (4th Cir.1967); *Gardner v. Menendez,* 373 F.2d 488 (1st Cir.1967).

section 405(g) has been carried over into Title XVI and with that provision goes the implied and inherent power of the court set out in the *Sparks* case. Although modified to some extent in Title II by section 406(b), the vitality of *Sparks* has not been diminished in Title XVI litigation.

■ The policy reasons set out in *Sparks* are equally applicable in Title XVI cases that come before the courts. *See Dolin v. Harris,* 501 F.Supp. 97 (D.Md.1980). The need for competent representation is perhaps even more acute than in Title II cases because the claimants in Title XVI matters are, by definition, in financial straits. If no provisions are made for fixing of a reasonable fee and assuring payment, the claimants will be deprived of the representation so often necessary to assure protection of their rights.

■ The case at hand is a graphic illustration of that situation. Community Legal Services had abandoned hope of success, but the efforts of retained counsel resulted in an award of past-due benefits that never would have been secured otherwise. In circumstances like these, the claimant's ingratitude should not be permitted to foist the unpleasant task, time and expense of collection on her counsel.

■ Although section 406 is not included in Title XVI, its twenty-five percent limitation is an indication of congressional consensus on what constitutes a reasonable fee in Social Security cases. As such, we believe that percentage should be respected by the district courts in Title XVI cases as well. *See, e.g., Robinson v. Gardner,* 374 F.2d 949, 952 (4th Cir.1967); *In re Crouse,* 273 F.Supp. 642, 646 (S.D.W.Va.1965).

■ We conclude that the district court properly set a reasonable fee in this case and acted within its discretion in directing payment by the Secretary. The Secre-

tary's protestations of inability to comply because of lack of statutory authorization pale to insignificance in the light of *Sparks*.

■ We do not agree, however, with the district court's conclusion that 20 C.F.R. § 416.152 is invalid and regard that holding as error in the circumstances of this case. The regulation was promulgated pursuant to 42 U.S.C. § 1383(d)(2), which mandates regulations prescribing maximum fees that may be charged for services "before the Secretary," that is, in the administrative process. The statute does not authorize the Secretary to exercise any function with respect to fees for services in the courts, and the regulation does not purport to apply to that situation. A companion regulation, 20 C.F.R. § 416.1528, makes that clear by excluding in-court services.[4] Indeed, section 416.1540(b) by implication recognizes the power of the court to fix fees for services before it.[5]

It follows that the district court should not have declared 20 C.F.R. § 416.1520 invalid. The regulation is simply not applicable to the case at hand. We therefore find no issue of the regulation's validity to be present in this case and do not pass upon it.

We will affirm the order of the district court fixing a reasonable fee and directing payment by the Secretary directly to the attorneys.

---

**4.** In pertinent part the regulation reads:
"We shall not consider any service the representative gave you in any proceeding before a State or Federal Court to be services as a representative in dealings with us."

**5.** That regulation reads in part:
"No attorney or other person representing a claimant shall—
(b) knowingly charge or collect or make any agreement to charge or collect, directly or indirectly, any fee in any amount in excess of that allowed by us or by the court."