**Leila HOWARD, Plaintiff,**

v.

**Otis BOWEN, Secretary of Health and Human Services, Defendant.**

No. 83 C 5050.

United States District Court, N.D. Illinois, E.D.

April 17, 1986.

Frederick J. Daley, Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff originally brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Secretary of Health and Human Services (Secretary) denying plaintiff disability benefits under Ti-

tle II of the Social Security Act, 42 U.S.C. §§ 401–433 (1982), and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–1383 (1982). On September 25, 1984, this court found that there was not substantial evidence to support the Secretary's findings and determined that plaintiff was entitled to benefits retroactive to January 1982. The case was remanded to the Secretary for calculation of plaintiff's past due benefits and for determination of whether plaintiff was entitled to additional benefits for the period March 1980 to January 1982.

■ Presently before the court is a motion filed by plaintiff's attorney for an award of attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $3,072.50. This amount represents 25 per cent of plaintiff's combined award for disability (Title II benefits) and supplemental security income (SSI or Title XVI benefits), as calculated by the Secretary on remand. The Secretary concedes that plaintiff's attorney is entitled to fees of 25 per cent of plaintiff's past due Title II benefits. However, he contends that there is no statutory authority for deducting attorney fees from the Title XVI portion of plaintiff's award. Accordingly, the issue presented by plaintiff's attorney's motion is whether attorney fees can be deducted from Title XVI awards. This court concludes that they may.[1]

### I.

Title II provides benefits to persons of insured status who are so disabled that they cannot engage in any substantial gainful activity. Title XVI provides benefits regardless of insured status to persons who meet the same standard of disability and whose income and resources are less

---

1. This court recognizes that Judge Shadur of this district held that motions of the type presently under consideration should be treated as motions to amend a judgment under Fed.R. Civ.P. 59(e). *Cartledge v. Heckler,* 615 F.Supp. 545 (N.D.Ill.1985). Such motions are to be made no later than ten days after entry of judgment, which, of course, would preclude consideration of the present motion. There is merit in such an approach inasmuch as 42

U.S.C. § 406(b)(1) allows the court to award attorneys fees "as part of its judgment." Nevertheless, this court declines to follow such reasoning because the greater weight of authority points to the practice of filing motions for attorney's fees after calculation of past due benefits has been made on remand. This seems to be the logical approach since attorney's fees cannot be determined until past due benefits have been calculated.

than specified amounts. 42 U.S.C. §§ 423(d)(1)(A) and 1382(a).

42 U.S.C. § 406(b)(1) provides in pertinent part that

whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 per cent of the total of the past due benefits to which the claimant is entitled by reason of such judgment....

Section 406(b)(1) is contained in Title II of the Social Security Act and by its express language applies only to disability judgments ("DIB" awards). Under the provision attorney fees are not an additional award; they are deducted directly from the claimant's award of past due benefits. Such fees are only available for services rendered before the court. *Burgo v. Harris,* 527 F.Supp. 1157 (E.D.N.Y.1981).

Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383, contains the provisions governing supplemental security income ("SSI"). Section 1383(c)(3) provides:

The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title [relating to review of Title II claims] to the same extent as the Secretary's final determination under section 405 of this title.

Title XVI, unlike Title II, does not contain an attorney fees provision. Notwithstanding the absence of such a provision, plaintiff's attorney contends that 42 U.S.C. § 1383(c)(3) authorizes this court to award 25 per cent of plaintiff's SSI benefits to him as attorney fees.

The few courts that have directly addressed the issue are divided as to whether attorney fees can be deducted from SSI awards. The courts in *Franklin v. Secretary of Health and Human Services,* 525 F.Supp. 398 (E.D.Mich.1981) and *Baim v. Harris,* 515 F.Supp. 227 (N.D.Ohio 1981), concluded that attorney fees cannot be deducted from SSI awards because a provi-

sion parallel to § 406(b) does not exist under Title XVI. *See also Soto-Valentin v. Heckler,* 619 F.Supp. 627, 633 (E.D.N.Y. 1985) ("[i]t is well settled that § 406(b) permits a fee award from plaintiff's back benefits only in Title II DIB cases").

It appears that these courts reached this conclusion solely because a provision parallel to § 406(b)(1) does not exist in Title XVI. However, it is the opinion of this court that the absence of such a provision does not end the present inquiry. The cases of *Reid v. Heckler,* 735 F.2d 757 (8th Cir.1984), *Adams v. Secretary of Health and Human Services,* 596 F.Supp. 449 (N.D.N.Y.1984), and *Vaughn v. Califano,* 442 F.Supp. 185 (E.D.Tenn.1977), support the contention that attorney fees may be deducted from SSI awards.

In *Vaughn* and *Adams,* the courts found that awarding attorney fees under § 406(b)(1) is part of the judicial review authorized by § 405(g) and is therefore also part of the § 405(g) review of Title XVI cases authorized by 42 U.S.C. § 1383(c)(3). In this respect, the *Vaughn* court stated:

By explicit language, the Congress authorized this court to review title XVI claims "... to the same extent ..." as its review of title II claims under 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). An integral part of the Court's review under 42 U.S.C. § 405(g) relates to the attorney's fee provisions of 42 U.S.C. § 406(b)....

442 F.Supp. 185 at 187.

In *Reid, supra,* the Eighth Circuit adopted slightly different reasoning in concluding that attorney fees are available in Title XVI cases. The *Reid* court recognized the absence of statutory authority for deducting attorney fees from SSI awards, but nevertheless held that such authority was "implied and inherent" in the jurisdiction of the district courts to review SSI claims under 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). *Id.* at 761, 762.

This conclusion was based on the rationale contained in *Celebrezze v. Sparks,* 342 F.2d 286 (5th Cir.1965). In *Celebrezze* a district judge awarded attorney fees as

part of the judgment and directed the Secretary to pay such fees out of the claimant's past due benefits. Congress had not yet enacted 42 U.S.C. § 406(b)(1), and the Secretary challenged the court's authority to make such awards. On appeal, the Fifth Circuit held that the jurisdiction granted under 42 U.S.C. § 405(g) "confers upon the district court full judicial power to deal with litigation ... including the power ... to provide for the payment of past due benefits recovered by the claimant in the litigation of counsel fees for conducting it." *Id.* at 288. Applying the *Sparks* rationale to the judicial review of Title XVI claims authorized by § 1383(c)(3), the *Reid* court stated, "section 405(g) has been carried over into Title XVI and with that provision goes the implied and inherent power of the court set out in the *Sparks* case." 735 F.2d at 762.

Perhaps § 406(b)(1) has not been incorporated into Title XVI and attorney fees cannot be deducted from Title XVI awards under that provision. If that is so, it is only because congressional attention was directed to a perceived problem under Title II, not because of any substantial policy distinctions between Title II and Title XVI on that issue. Certainly it is a strong indication of how Congress believes the same issue ought to be considered under Title XVI. This court finds the reasoning in *Reid* persuasive and agrees with that court's conclusion that "[a]lthough modified to some extent in Title II by section 406(b), the vitality of *Sparks* has not been diminished in Title XVI litigation." 735 F.2d at 762. Indeed, § 406(b)(1) is a recognition of the appropriateness of assuring reasonable fees.

When Congress enacted § 406(b)(1) it expressly authorized federal district courts to deduct attorney fees on judicial review. Thus, Congress statutorily affirmed what the Fifth Circuit had found in *Sparks* —that a federal district court has the power to deduct attorney fees from judgments it renders on judicial review of Social Security claims. Congress has not altered the *Sparks* rationale, and the federal district courts continue to have the inherent power to deduct attorney fees from judg-

ments made under the authority of § 405(g). *Reid, supra,* at 761. In 1975, Congress provided for § 405(g) judicial review of Title XVI claims by enacting § 1383(c)(3). Accordingly, the inherent power of the federal courts to deduct attorney fees from judgments made on judicial review has been incorporated into Title XVI.

There are strong policy reasons for deducting attorney fees from Title XVI awards. The legislative history of § 1383(c)(3) indicates that Congress' intent was "to provide *the same rights to ... judicial review* with respect to claims under title XVI (Supplemental Security Income) of the Act as apply to title II ... under [42 U.S.C. § 405(g) ]," S.Rep. No. 550, 94th Cong., 1st Sess. 2, *reprinted in* 1975 U.S.Code Cong. & Ad.News 2349,50 (emphasis added). Accordingly, by enacting § 1383(c)(3) Congress intended that Title XVI and Title II claimants be afforded an equal opportunity for judicial review. However, Title XVI claimants will not receive such an opportunity for judicial review unless they can secure competent legal representation.

There is little incentive for attorneys to litigate Title XVI claims if they are not assured of receiving compensation for their successful efforts. A primary congressional purpose in enacting § 406(b)(1) was to encourage effective representation of claimants by assuring lawyers that they would receive reasonable fees directly through certification by the Secretary. *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.1970), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970); *Social Security Amendments of 1965: Hearing on H.R. 6675 Before Senate Comm. on Finance,* 89th Cong., 1st Sess. 512–513 (1965). The need to assure lawyers that they will receive compensation is even stronger in the Title XVI context. As the *Reid* court noted:

> The need for competent representation is perhaps even more acute [in Title XVI cases] than in Title II cases because the claimants in Title XVI matters are, by

definition, in financial straits. If no provisions are made for the fixing of a reasonable fee and assuring payment, the claimants will be deprived of the representation so often necessary to assure protection of their rights.

735 F.2d at 762.

The compelling financial needs of Title XVI claimants suggest another reason why Congress so readily adopted the concept in § 406(b)(1) of assured reasonable fees. If fees were left to private negotiation and collection, the risk is not only of discouraging competent representation. There is a correlative risk of overreaching by attorneys representing clients for whom a little is better than nothing. Both congressional intent and the reasons for invoking implied judicial authority are served by not only assuring payment but also by assuring that the fees are reasonable.

Furthermore, the statutory interpretation advanced by the Secretary would be impracticable where, as in the present case, the claimant is awarded combined benefits on judicial review. The awarding of attorney fees under § 406(b)(1) does not consist of routine approval of the statutory maximum of 25 per cent. Rather, the court must examine each application for attorney fees and determine a reasonable fee given the number of hours devoted to the claimant's case. *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 250 (6th Cir.1983); *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir.1966). Under the Secretary's scheme, this would require an attorney who won both types of benefits for his client to apportion his time so that the court could consider only the time devoted to the Title II claim. This would be truly burdensome given the overlapping relationship between the two types of benefits. As the *Vaughn* court noted, "[l]ogic forbids such a result without some indication that the Congress intended it as a consequence of its action." *Vaughn, supra,* at 188.

█ For the above reasons, this court concludes that it has the authority to deduct attorney fees from the Title XVI por-

tion of plaintiff's past due benefits. Although § 406(b)(1) is not included in Title XVI, Congress has indicated by that provision that it considers 25 per cent of a claimant's award to be the maximum reasonable fee. This court concludes that the 25 per cent limit is likewise applicable to attorney fees in Title XVI cases. *See, e.g., Reid,* 735 F.2d at 762.

As noted above, routine approval of the 25 per cent maximum is inappropriate. Because the interests of attorney and client are inherently in conflict in this type of fee application, the court has an independent duty to scrutinize such applications. *Bailey v. Heckler,* 621 F.Supp. 521, 523 (W.D. Pa.1985) (*citing Cunningham v. City of McKeesport,* 753 F.2d 262, 267 (3d Cir.1985) (court has independent duty to scrutinize fee applications in fund-in-court cases)).

Plaintiff's attorney has requested this court to award him attorney fees of $3,072.50, representing 25 per cent of plaintiff's past due Title II and Title XVI benefits. In support of this award he has submitted documentation indicating that he devoted 52.5 hours to plaintiff's claim before this court. Accordingly, under the statutory maximum, plaintiff's attorney would receive compensation at the rate of $58.52 per hour. This rate is reasonable, given his expertise in Social Security matters.

### Conclusion

This court concludes that plaintiff's attorney is entitled to attorney fees with respect to both the Title II and Title XVI portions of plaintiff's past due benefits award. The statutory maximum of 25 per cent of plaintiff's past due benefits is reasonable in this case. Accordingly, plaintiff's attorney is awarded fees of $3,072.50.