**Leila HOWARD, Plaintiff-Appellee,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellant.**

**No. 86–2014.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1986.

Decided July 1, 1987.

Mack A. Davis, Office of Gen. Counsel, Dept. of Health & Human Services, Baltimore, Md., for defendant-appellant.

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and SWYGERT, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Through the services of her attorney, Frederick J. Daley of the Chicago bar, plaintiff sought judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), of an administrative decision denying her disability benefits. That decision was reversed and upon remand she recovered $10,947 disability insurance benefits ("DIB") under Title II of the Social Security Act (42 U.S.C. §§ 401–433) and $1,343 in supplemental security income benefits ("SSI") under Title XVI of the Act (42 U.S.C. §§ 1381–1383). The defendant Secretary of Health and Human Services concedes that under 42 U.S.C. § 406(b)(1), Daley is entitled to a fee of $2,736.75, which is 25% of the DIB recovered under Title II of the Act, to be withheld by the Secretary from plaintiff's award. But the Secretary denies that Daley is entitled to have his $335.75 attorney's fees withheld from the $1,343 SSI recovery under Title XVI of the Act.

The district court permitted Daley to recover his full $3,072.50 attorney's fees through withholding from both the Title II and Title XVI benefits Daley recovered for

plaintiff. Its opinion is reported at 633 F.Supp. 495 (N.D.Ill.1986). The Secretary has appealed on the ground that there is no statutory authority for him to deduct attorney's fees from the Title XVI portion of the plaintiff's award.

The key statutory provision involved is 42 U.S.C. § 406(b)(1) of Title II providing as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [covering disability insurance benefits] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

It should be noted that this statute applies only to DIB judgments. It authorizes the Secretary to withhold reasonable attorney's fees from the claimant's award of pastdue DIB awards and to pay them to counsel.

To justify having the Secretary deduct his SSI fees, Daley argues that plaintiff's claims were concurrent for both disability insurance benefits under Title II and supplemental security income benefits under Title XVI. This concurrent theory was of no avail in *Motley v. Heckler*, 800 F.2d 1253 (4th Cir.1986), because § 406(b)(1) is limited to Title II and there is no comparable provision in Title XVI.

As the district court noted, plaintiff's attorney relies on § 1383(c)(3) of Title XVI to support his contention that SSI attorney's fees may be withheld for him by the Secretary under Title XVI, 42 U.S.C. § 1383(c)(3) provides:

> The final determination of the Secretary after a hearing under paragraph (1) shall

be subject to judicial review as provided in section 405(g) of this title [42 U.S.C.] to the same extent as the Secretary's final determinations under section 405 of this title.

Section 1383(c)(3) refers only to § 405(g) of Title II which merely authorizes civil actions to review decisions of the Secretary denying DIB. There is nothing in § 405(g) about attorney's fee withholding, which is authorized only by § 406(b)(1) of Title II. Unfortunately for Daley, there is no reference in Title XVI of the Social Security Act to § 406(b)(1) nor does Title XVI contain a comparable provision.

The district court decided this case on April 17, 1986, and relied primarily on *Reid v. Heckler*, 735 F.2d 757 (3d Cir.1984), which permitted the deduction of attorney's fees in SSI cases and was the only pertinent appellate decision at the time. There the court of appeals for the Third Circuit held that authority for the Secretary to withhold attorney's fees in SSI cases cannot be based on § 406(b) because it is confined to DIB cases. 735 F.2d at 761. Nevertheless, the court concluded that a district judge has "implied and inherent power" to order the Secretary to withhold attorney's fees in SSI cases on the ground that § 405(g) of Title II, authorizing civil suits for the recovery of DIB, was carried into Title XVI by § 1383(c)(3). 735 F.2d at 761–62. *Reid* was based on *Celebrezze v. Sparks*, 342 F.2d 286 (5th Cir.1965), where Judge Maris, writing prior to the enactment of § 406(b)(1), thought that § 405(g) of Title II, giving the district courts power to review DIB decisions of the Secretary, was sufficient authority for (1) a court to set attorney's fees and (2) the Secretary to withhold them from the claimant's DIB award. The Secretary does not contest the application of the first part of the *Sparks* holding to SSI awards. Appellant's Br. 4 n. 1. While we join the Secretary in respectfully disagreeing as to the withholding aspect of *Sparks*, that matter was cured for DIB awards by Congress when it subsequently enacted § 406(b)(1) of Title II, but Congress has never seen fit to enact a like provision in Title XVI for SSI cases.

The lack of a provision authorizing withholding attorney's fees for court cases under Title XVI is consistent with Congress' explicit decision not to allow withholding attorney's fees incurred in administrative proceedings under Title XVI. The report of the House Committee on Ways and Means stated that there would be no withholding of attorney's fees from SSI benefits with respect to representation before the Social Security Administration because it would be "contrary to the purpose of the [SSI] program" which is to provide basic subsistence. H.R.Rep. No. 231, 92d Cong., 1st Sess. 156 (1971), *reprinted in* 1972 U.S.Code Cong. & Admin.News 4989, 5142. Since Congress did not sanction such withholding for legal services in administrative proceedings and did not enact a section like § 406(b)(1) when it amended Title XVI in 1975 to provide for judicial review, the Secretary's conclusion that Congress did not intend to permit withholding of attorney's fees in SSI court cases is rational. As a reasonable interpretation of a statute by an agency charged with administering it, the Secretary's position is entitled to substantial deference. *Connecticut Dep't of In-come Maintenance v. Heckler*, 471 U.S. 524, 532, 105 S.Ct. 2210, 2214, 85 L.Ed.2d 577 (1985); *Blum v. Bacon*, 457 U.S. 132, 141–42, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982). In a case such as the present one where "Congress has not directly addressed the precise question at issue" a court "may not substitute its own construction of a statutory provision for a reasonable interpretation" made by the administrative agency. *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).

The Secretary's interpretation is reinforced by § 1383(d)(1) of Title XVI, which incorporates as to SSI awards § 407 of Title II forbidding execution, levy, attachment, garnishment or other legal process with respect to DIB awards. 42 U.S.C. §§ 407, 1383(d)(1). Section 406(b) in effect excepts Title II attorney's fees from that prohibition, but as already noted, it does not cover attorney's fees under Title XVI.[1]

The district court did not have the benefit of a decision of the Sixth Circuit decided one month after its opinion. In *McCarthy*

---

1. We do not consider plaintiff's contention that where the SSI windfall offset is applied to DIB under § 1320a–6 of Title XVI, the award of withheld attorney's fees should be based on the total amount of retroactive Title II disability benefits to which the plaintiff would be entitled before application of the windfall offset provision. Since this contention was not made in the district court, it comes too late. *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1333 (7th Cir.), certiorari denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). Moreover, it has been rejected by four sister circuits. *Motley v. Heckler,* 800 F.2d 1253, 1255 (4th Cir.1986) (*per curiam*); *Detson v. Schweiker,* 788 F.2d 372, 375 (6th Cir.1986); *Wheeler v. Heckler,* 787 F.2d 101, 107–08 (3d Cir.1986); *Burnett v. Heckler,* 756 F.2d 621, 627 (8th Cir.1985); see also *Cuthbert v. Secretary, Dep't of Health & Human Servs.,* 784 F.2d 1157 (4th Cir.1985) (*per curiam*).

It is conceivable that sovereign immunity could afford another basis for our conclusion that the district court improperly ordered the withholding of attorney's fees. For example, cases have held that a judgment creditor of a federal employee cannot sue the United States in an attempt to garnish the employee's salary absent a waiver of sovereign immunity. *Buchanan v. Alexander,* 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846); *Franchise Tax Board v. United States Postal Serv.,* 467 U.S. 512, 516–17, 104 S.Ct. 2549, 2552, 81 L.Ed.2d 446 (1984) (assuming but not deciding that *Buchanan* is still authoritative). Then again, the United States consented to be sued by SSI beneficiaries, 42 U.S.C. §§ 405(g), 1383(c)(3); see *Wright v. Califano,* 603 F.2d 666, 670–72 (7th Cir.1979), certiorari denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); accord *Huie v. Bowen,* 788 F.2d 698, 705 (11th Cir.1986); *Cash v. Califano,* 621 F.2d 626, 632 (4th Cir.1980), and the fee-withholding motion herein was part of the proceedings brought by the SSI beneficiary to review the Secretary's denial of her request for SSI and DIB awards. Compare *Folsom v. McDonald,* 237 F.2d 380, 382 (4th Cir.1956) (*per curiam*) (concluding in a similar factual setting that a fee-withholding motion does not implicate sovereign immunity). Thus, it could be that sovereign immunity has been waived, but the question would still remain whether Title XVI authorized fee withholding. See *United States v. Mitchell,* 463 U.S. 206, 216, 219–28, 103 S.Ct. 2961, 2967, 2969–73, 77 L.Ed.2d 580 (1983) (first determining that Tucker Act effected a waiver of sovereign immunity, and then considering whether other statutes created an implied right of action for damages). We decline to resolve this difficult issue because its outcome will not change the result reached in this case and the Secretary failed to raise or brief it.

*v. Secretary of Health & Human Services,* 793 F.2d 741 (1986), the court agreed with the Secretary that the district court lacks authority to order the Secretary to withhold attorney's fees from a claimant's SSI benefits and pay them directly to the claimant's attorney. The argument that the 1975 amendment to Title XVI adding § 1383(c)(3) for judicial review of SSI benefits permits the withholding of attorney's fees was rejected because Congress never incorporated an attorney's fee award withholding provision in Title XVI. The *McCarthy* court stated: "The 1975 amendments reflect no concern by Congress over the payment of attorney['s] fees. Rather, the amendments 'were precipitated by criticism over the use of certain hearing examiners and the restrictive scope of judicial review.'" 793 F.2d at 744 (quoting *Reid,* 735 F.2d at 761). The Sixth Circuit also relied on the previously discussed legislative history from the 1971 House Report indicating that the withholding of attorney's fees incurred in administrative proceedings would be contrary to the purpose of the SSI program. *Id.* at 743–44.

The district court in the present case relied on policy considerations to support its interpretation of judicial review under § 1383(c)(3) as allowing awards of attorney's fees. 633 F.Supp. at 498–99. While we are mindful that permitting attorney's fees to be deducted in SSI cases might help ensure adequate representation of such claimants, a decision by us to that effect would amount to judicial legislation. If Congress wishes to authorize such withholding, it can add to Title XVI a provision comparable to § 406(b)(1) of Title II. Furthermore, this policy argument is undercut by the fact that Congress, when it reenacted the Equal Access to Justice Act ("EAJA") in 1985, made clear that under the EAJA attorneys could collect fee awards from the federal government in SSI

cases. EAJA, Extension and Amendment, Pub.L. No. 99–80, § 3, 99 Stat. 183, 186 (1985) (codified at 28 U.S.C. § 2412(d) note);[2] H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1, at 20, *reprinted in* 1985 U.S. Code Cong. & Admin.News 132, 148–149 (stating that EAJA attorney's fees awards can be made in "Social Security or SSI cases" and that "the Committee is aware of the important function served by counsel in these cases");[3] see *Bunn v. Bowen,* 637 F.Supp. 464 (E.D.N.C.1986) (attorney's fees awarded under EAJA in SSI case); *Fleming v. Bowen,* 637 F.Supp. 726 (D.D.C.1986) (attorney's fees awarded under EAJA in combined DIB and SSI case); see also *Watford v. Heckler,* 765 F.2d 1562 (11th Cir. 1985) (attorney's fees awarded under pre–1985 version of EAJA in both an SSI case and a combined SSI and DIB case). The provision for awards of attorney's fees under the EAJA is consistent with the comment in the 1971 House Report arguing against recovery from SSI benefits of attorney's fees incurred in administrative proceedings because the EAJA awards are made against the federal government and not out of the claimant's basic subsistence benefits.

Two months after the Sixth Circuit's opinion in *McCarthy,* the Eighth Circuit decided *Galbreath v. Bowen,* 799 F.2d 370 (1986), following the Third Circuit's opinion in *Reid* and refusing to follow the Sixth Circuit's opinion in *McCarthy.* Certiorari was granted in *Galbreath* on May 4 of this year. —— U.S. ——, 107 S.Ct. 1970, 95 L.Ed.2d 811 (1987). A month after *Galbreath* came down, the Fourth Circuit decided *Motley v. Heckler,* 800 F.2d 1253 (1986) (*per curiam*), in favor of the Secretary on the same point before us. Thus one pair of Circuits favors Daley's position and another pair is contra.

---

**2.** See Savings Provisions note to 28 U.S.C. § 2412 in U.S.C.A. 1987 Cumulative Annual Pocket Part at p. 96.

**3.** The House Committee apparently believed that attorney's fees could be awarded out of SSI benefits, see H.R.Rep. No. 120, pt. 1, *supra,* at 19–20, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 148–149, and *Reid v. Heckler,* 735

F.2d 757 (3d Cir.1984), then the only appellate court decision on the subject, so held. Since then the Fourth and Sixth Circuits have held to the contrary of *Reid* and our review of the legislative history of Title XVI, giving deference to the agency's interpretation, convinces us to follow those two decisions.

We disagree with the Third and Eighth Circuits that a district court possesses inherent power to order the Secretary to withhold and certify for payment attorney's fees from SSI benefits. Consequently, in accord with the Fourth and Sixth Circuits, the district court's judgment is reversed insofar as it orders the Secretary to withhold plaintiff's attorney's fees with respect to the Title XVI award. Affirmed in part and reversed in part.