Barbara V. Tinsley, Asst. U.S. Atty., Atlanta, Ga., Larry K. Banks, Office of the Gen. Counsel, S.S. Admin., Dept. of H.H.S., Baltimore, Md., Paula L. Kocher, U.S. Dept. of H.H.S., Office of the Gen. Counsel, Atlanta, Ga., for defendant-appellant.

Teddy Ray Price, Decatur, Ga., for plaintiff-appellee.

**Robert CAIN, Plaintiff–Appellee,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellant.**

No. 86–8717.

United States Court of Appeals, Eleventh Circuit.

June 7, 1988.

Before VANCE and KRAVITCH, Circuit Judges, and BROWN[*], Senior Circuit Judge.

PER CURIAM:

The Secretary of Health and Human Services denied Robert Cain disability benefits under Title XVI of the Social Security Act. Cain prevailed in the District Court on review of that administrative decision. The court directed the Secretary to pay a portion of the past-due disability benefits awarded to Cain directly to his attorney for professional services rendered toward obtaining that award. The Secretary does not contest the amount of the fee awarded, but challenges the District Court's authority to direct that the fee be withheld from the past-due benefits owed Cain. We have withheld decision pending action by the Supreme Court. The Supreme Court's recent decision in *Galbreath v. Bowen* [—— U.S. ——, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988)] leaves the District Court without authority to direct such withholding. Accordingly, we reverse.

I.

Robert Cain applied for Supplemental Security Income (SSI) benefits based on disability under Title XVI of the Social Security Act,[1] on December 4, 1980. The Secretary denied his claim initially and at each succeeding step of the administrative process. On February 28, 1983, Cain sought

---

[*] Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. 42 U.S.C. § 1381 *et seq.*

judicial review of the Secretary's final decision in the United States District Court for the Northern District of Georgia. In light of the additional medical evidence submitted by Cain, on October 16, 1984 the court entered a consent order remanding the case to the Secretary for an award and payment of SSI benefits to Cain.

Counsel filed a petition for attorney's fees in the amount of $4,812.50, which he later reduced by amendment. The court referred the matter to a United States magistrate, and later adopted his report and recommendation. Relying on *Reid v. Heckler*, 735 F.2d 757 (3rd Cir.1984),[2] the magistrate concluded that Federal district courts may allow attorney's fees to be paid directly from the prevailing claimant's past-due benefits awarded on review of administrative decisions on Title XVI SSI claims. He reasoned that even though Title XVI does not contain provisions like those present in Title II,[3] which expressly authorize such direct payments, Federal district courts still may make those deductions on the basis of their own inherent powers because there is no express statutory prohibition in Title XVI. Adopting the view of the magistrate, the court directed the Secretary to withhold the ascertained attorneys' fees from Cain's past-due benefits and pay Counsel directly.

The Secretary, expressly not questioning the amount of the fee awarded, challenged the District Court's authority to direct that the fee be withheld from the past-due benefits owed Cain. The District Court rejected the Secretary's challenge, and the Secretary appealed from that portion of the District Court's order that mandated withholding.

Following argument before this court on March 12, 1987, the Supreme Court granted certiorari in *Galbreath v. Bowen*, 799 F.2d 370 (8th Cir.1986), *cert. granted,* —— U.S. ——, 107 S.Ct. 1970, 95 L.Ed.2d 811 (1987). We stayed action pending determination of *Galbreath*.

The Supreme Court handed down its decision in *Galbreath* on February 24, 1988. This Court invited supplemental briefs of Counsel. Only the Secretary responded.

## II.

*Galbreath* is the end of the matter. The Supreme Court's decision unequivocally controls the outcome of the instant case. The Court's holding in *Galbreath* is that

[i]n originally enacting Title XVI, Congress manifested its intent, by selective incorporation [of provisions of Title II] and legislative history, to disallow the withholding of past-due SSI benefits to pay attorney's fees incurred in Title XVI cases. Until Congress sees fit to override its original decision, by amending Title XVI in a way that manifests an intent to allow withholding, that original decision stands.

After *Galbreath*, *Reid* and *Sparks* are no more. *Galbreath* leaves the District Court without authority to direct the Secretary to withhold from payments made to the claimant an attorney's fee to be paid directly to Counsel.

REVERSED.

---

**2.** *Reid* applied to Title XVI cases the logic of the former Fifth Circuit's holding in *Celebrezze v. Sparks*, 342 F.2d 286 (1965). *Sparks* addressed attorney's fees in Title II cases before Title II contained § 206(b)(1) of the Act, 42 U.S.C. § 406(b)(1).

**3.** Section 206(b)(1) of the Act, 42 U.S.C. § 406(b)(1), provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.