**Mary TEPPER, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 85 C 4783.**

United States District Court,
N.D. Illinois, E.D.

June 27, 1988.

---

Daniel Galatzer, Chicago, Ill., for plaintiff.

William T. Clabault, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Mary N. Tepper petitions the Court to award attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, incurred throughout her successful action against defendant Secretary of Health and Human Services ("the Secretary"). The plaintiff's attorney also petitions the Court for approval of attorney's fees against the judgment under the Social Security Act, 42 U.S. C. § 406(b). For the reasons set forth below, we grant both petitions.

### Procedural History

An Administrative Law Judge ("ALJ") held in an earlier ruling that Tepper was entitled to wage earner's benefits commencing April 27, 1983, but that she was not entitled to widow's insurance benefits. The Appeals Council adopted the ALJ's ruling. In the judicial review before this Court, Tepper moved for summary judgment seeking payment for disability benefits for the period from July 1980 through April 1983. We referred the motion to

Magistrate Bernard Weisberg who recommended against summary judgment and that we remand to the Secretary for a new determination of Tepper's residual functional capacity prior to April 27, 1983. Tepper filed a timely objection, contending that the ruling should be reversed rather than remanded for further proceedings. We denied Tepper's motion for summary judgment and remanded the case for further proceedings in accordance with the Magistrate's Report and Recommendation. Tepper was awarded the benefits she sought on remand before the Administrative Law Judge.

### Award Under the Equal Access to Justice Act

Tepper now petitions this Court to award attorney's fees of $2,930.20 (representing 31.85 hours of attorney's time at $92.00 per hour) and costs of $60.00 incurred in this case before this Court.

■ Attorney's fees under the EAJA are awarded to a prevailing party unless the court finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The plaintiff is not a prevailing party based solely on the court's decision to remand to the Secretary. *Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir.1988). However, Tepper became the prevailing party for purposes of the EAJA when she was awarded past-due benefits in the subsequent action before the ALJ.[1] The Secretary concedes that the agency's position was not substantially justified, but the Secretary opposes the amount of fees by contending that Tepper seeks fees at an hourly rate in excess of the statutory rate, and that the time charged is unreasonable.

■ The Secretary questions the reasonableness of reimbursing for the 31.85 hours of attorney's time in view of the written statement by the United States Attorney not to defend the action in court. We believe that Tepper's objections to the Magistrate's Report were in her interest. A reversal of the ALJ's ruling as opposed to a mere remand would have avoided additional litigation costs and could have changed a high probability of ultimate success into a certainty. Further, the preparation of objections was still part of the larger action in which Tepper prevailed, as no claim distinct in all respects from the successful claim was involved. *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (construing the Civil Rights Attorney's Fees Awards Act under 42 U.S.C. § 1988).[2] The hours were reasonably expended in obtaining the overall relief for Tepper, and the time spent on preparing the objections are accordingly recoverable under the EAJA.

■ In addition to questioning the reasonableness of the time spent by the plaintiff's attorney, the Secretary also opposes an award of an hourly rate in excess of the statutory rate of $75.00 per hour. The EAJA allows fee awards in excess of the statutory rate when the court determines that an increase in the cost of living justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A)(ii).

The reenactment of the EAJA in August of 1985 without reestablishing a base rate did not alter the base date of October 1981 for calculating the cost of living increase. *Ford v. Bowen*, 663 F.Supp. 220, 221 (N.D. Ill.1987). We approve a modified hourly rate of $91.00 based on a 21.5% increase in the Consumer Price Index from 279.9 in October 1981 to 340.1 in June 1987,[3] and accordingly award $2,898.35 for attorney's fees and $60.00 in costs under the EAJA.

### Award Under the Social Security Act

■ The plaintiff's attorney petitions this Court for approval of attorney's fees

---

1. After remand, another ALJ determined that Tepper is due all of the benefits that she seeks. The Appeals Council later awarded widow's insurance benefits.

2. The meaning of "prevailing party" under Section 1988 is, for the most part, the same as under the EAJA. *Continental Web Press v. National Labor Relations Board*, 767 F.2d 321, 323 (7th Cir.1985).

3. *See* Business Statistics, U.S. Dept. of Commerce Bureau of Economic Analysis (1982); Economic Indicators, 100th Congress, 1st Session (July 1987).

of $4,527.50 (represented as 32.85 hours of work at a rate of $150.00 per hour)[4] against the judgment under the Social Security Act, 42 U.S.C. § 406(b). Under Section 406(b), the court may allow reasonable attorney's fees as part of its judgment, and the fee should not exceed 25% of the past-due benefits. The court must determine the reasonable fee given the number of hours devoted to the case. *Howard v. Bowen,* 633 F.Supp. 495, 499 (N.D. Ill. 1986), *rev'd on other grounds,* 823 F.2d 185 (7th Cir.1987). Tepper's attorney has a current billing rate for non-contingent fee cases of $125.00 per hour. We find this rate to be reasonable for the type of work performed. *Compare Petrella v. Secretary of Health and Human Services,* 654 F.Supp. 174, 178 (M.D.Penn.1987) (holding a $150.00 rate unreasonable). Tepper's attorney seeks a higher rate of $150.00 per hour, making a distinction between non-contingency and contingency fee cases. We share the Seventh Circuit's reluctance to establish a two-tier hourly rate system for attorney's fees. *See Hagge v. Bauer,* 827 F.2d 101, 111 (7th Cir.1987) (finding the risk of loss accompanying contingent fee cases an unacceptable basis for adjustment to the lodestar figure under Section 1988). It is unclear from the evidence presented to this Court whether the fees received by the attorney for similar work were based on lodestar calculations. We accordingly award $4,106.25 in fees representing 32.85 hours at a rate of $125.00 per hour, without the requested contingency fee "surcharge."[5]

The EAJA allows awards of attorney's fees against the Secretary. Section 406(b) is an award of fees from the client. *Cartledge v. Heckler,* 615 F.Supp. 545 (N.D. Ill.1985). Tepper's attorney has stipulated that any EAJA fees received by him will be set off against Section 406(b) fees.

### Conclusion

Tepper's petition under the EAJA for attorney's fees and $60.00 in costs is grant-

ed in the amount of $2,958.35 to be paid to the plaintiff. Plaintiff's attorney's petition for fees under Section 406(b) is granted in the amount of $4,106.25, to be paid directly to the plaintiff's attorney from the funds withheld by the Social Security Administration. It is so ordered.

---

4. The plaintiff's attorney miscalculated the fee. 32.85 hours of work at $150.00 per hour actually equals $4,927.50.

5. No totals were presented to the Court of the past-due benefits awarded under Section 406(b).

Based on the table of awards listed by the Social Security Administration, we are satisfied that the attorney's fees we now approve are below the statutory 25% ceiling.